**TWIN CITY FIRE INSURANCE COMPANY, Appellant,**

v.

**Donald Wayne BROWN, Appellee.**

**No. 6218.**

Court of Civil Appeals of Texas, Waco.

June 30, 1980.

---

2. We express no opinion on the availability of other remedies in this case. That question is not before us.

Beverly Willis, Naman, Howell, Smith, Lee & Muldrow, P. C., Waco, for appellant.

Dan Francis, Francis & Henager, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by writ of error by Twin City Fire Insurance Company from default judgment of total permanent disability, against it in a worker's compensation case. We grant petitioner's application for writ of error and remand the case for trial.

Twin City Fire Insurance Company contends the trial court never acquired in personam jurisdiction over it because the Sheriff's return showed that no proper service of citation was had. Respondent Brown in oral argument conceded the record fails to establish that proper service was obtained. However, Respondent contends that this court cannot take jurisdiction because the judgment complained of was interlocutory, not a final judgment, and therefore not appealable.

Respondent Brown originally brought this suit as an appeal of the award of the Industrial Accident Board. Respondent's trial pleading on which judgment was taken named two defendants, to wit: "Twin City Fire Insurance Company and Twin City Insurance Company". Neither of these defendants answered, appeared, or participated in the trial.

The judgment finds respondent's employer "had a policy of Texas Worker's Compensation Insurance issued by the Defendant, Twin City Fire Insurance Company, and that the correct Defendant in this case is Twin City Fire Insurance Company and not Twin City Insurance Company". No recovery is ordered against Twin City Insurance Company, the decree does not expressly provide plaintiff take nothing as to that defendant; and no order severing or dismissing that defendant appears in the record. The judgment then decrees Brown "recover from the Defendant, Twin City Fire Insurance Company * * * the sum of $37,764.69 * * *".

■ The general rule is that for a judgment to be final and appealable it must dispose of all issues and parties in a case. Nevertheless, our Supreme Court has recognized that it is not essential that the judgment *expressly* dispose of all parties and issues; but that considering all of its recitations and viewing them as a whole the judgment may dispose of them by necessary implication, and be a final judgment. *North East Ind. School Dist. v. Aldridge*, Tex., 400 S.W.2d 893; *Vance v. Wilson*, Tex., 382 S.W.2d 107; *Gamble v. Banneyer*, Tex., 151 S.W.2d 586.

■ In the instant case the judgment does not expressly decree that plaintiff take nothing as to defendant Twin City Insurance Company, but considering the judgment as a whole it disposed of liability against it by implication.

We therefore hold that the judgment in this case was a final judgment and appealable.

REVERSED AND REMANDED.