COPY SERVICE, INC., Appellant,

v.

BOB HAMRIC CHEVROLET, INC., Appellee.

No. 10–81–071–CV.

Court of Appeals of Texas, Waco.

Feb. 4, 1982.

Michael J. Lindsay, Woodard & Lindsay, Beaumont, for appellant.

Stephen H. DonCarlos, Reid, Strickland, Gillette & Elkins, Baytown, for appellee.

OPINION

McDONALD, Chief Justice.

Appellant appeals from a summary judgment rendered in a suit on a lease contract.

In November of 1978, appellant leased a Chevrolet van from appellee for a term of eighteen months at $372.00 a month. On April 28, 1980, after the stated term of the lease had expired, an employee of appellant was driving the van on an interstate highway when it had mechanical trouble. The employee called appellee from Chambers County and told appellee the van needed to be towed. Appellee dispatched a wrecker, but the vehicle was not where appellant had indicated it would be once the appellee's wrecker arrived; appellee so informed the appellant who called police and reported the van stolen.

The whereabouts of the van were unknown until a Baytown wrecker service informed appellee in October 1980 that the van was in the wrecker's yard. From April until October 1980, the van had been exposed to the elements and vandalized, and its only worth was $1200 salvage value.

Pertinent portions of the lease are as follows:

1. TERM: Said property is hereby leased for a period of 18 months, beginning on the 15th day of November, 1978 and ending on the 14th day of April, 1980. This lease is irrevocable for the term hereof.

\* \* \* \* \* \*

11. MAINTENANCE AGREEMENT: All necessary repairs, maintenance, greasing, and servicing to the property will be provided by the lessee at his own cost and expense, who shall at all times keep the property in good condition, and shall replace or furnish when required, tires...

\* \* \* \* \* \*

13. SALE OF VEHICLE: Upon Lessee surrendering said vehicle to Lessor for sale, Lessor shall wholesale same as soon as practicable and render an accounting of such to Lessee. Lessor is authorized to put said vehicle in good repair, and out of the proceeds of such sale first pay the costs of such repairs. If the net sale proceeds after deducting the cost of repairs are less than $4,000.00, Lessee agrees to immediately pay Lessor such difference; however, if the net proceeds are greater than $4,000.00, Lessor will pay Lessee such difference.

14. RETURN OF VEHICLE: This lease shall remain in effect until the vehicle is sold under the terms of paragraph (9) [sic] above, or until the term of the lease is renewed, extended, or cancelled by agreement of the parties hereto in writing, or has expired by the terms hereof. Lessee shall return said vehicle to Lessor in Baytown, Texas, within 5 days of April 14th, 1980 in as good condition and repair as when received from Lessor, reasonable wear and tear excepted; and Lessee agrees to pay Lessor for all casualty damages to the vehicle for which the Lessor is not compensated by the insurance carrier, and hereby agrees to indemnify and save harmless the Lessor against any and all liability, loss or expenses including legal expenses, caused or arising out of the use and operation of said vehicle by the Lessee, his agents, employees or servants.

15. INSURANCE: Lessee agrees to keep at his expense said property insured against the hazards of fire, theft, combined additional coverage and $100.00 deductible Collision, ...

16. DRIVERS: Lessee agrees to require his drivers to operate the vehicle leased under this agreement with reasonable care and diligence and to take every reasonable precaution to prevent loss or damage thereto; ...

\* \* \* \* \* \*

21. REPLACEMENTS: In the event that said vehicle shall become totally unfit for operation or be stolen, Les-

see shall immediately give Lessor written notice thereof, whereupon Lessor shall make every reasonable effort to replace same with a vehicle of similar make and model which, upon acceptance by Lessee, shall be subject to this agreement at the same rental and terms specified for the vehicle so replaced.

\* \* \* \* \* \*

23. MISCELLANEOUS: Lessor may replace property described in this lease with a comparable unit at any time. In the event this lease is declared void or comes to any end for any reason, Lessee shall return the property to Lessor at Baytown, Texas, and on failure to do so immediately, the Lessor's cost and expense of transporting the property back to Baytown, Texas, shall be paid by the Lessee to Lessor; . . . This instrument constitutes the entire agreement between Lessor and Lessee. No waiver or change in this lease binds Lessor's assignee unless in writing signed by an officer or assignee . . . Lessee shall pay all costs and expenses occasioned by or arising out of the use of said property.

\* \* \* \* \* \*

The appellee moved for summary judgment and attached to its motion the lease contract and the affidavit of appellee's president. The affidavit stated that appellant had failed and refused to pay the following sums: (1) the final two installments under the lease; (2) $200 collection fees and delinquent installment charges; (3) $2,800 difference between the salvage value and the $4,000 (contract provision 13); (4) fees for license tags, taxes, title and transfer papers which totaled $195.00. Also attached to the motion was an affidavit from appellee's attorney stating that $950.00 was a reasonable attorney's fee.

After appellee had filed its motion for summary judgment, appellant filed a cross-action against appellee asserting appellant never dispatched a wrecker to tow the van, that on two occasions before October 1980 appellee had been notified of the whereabouts of the van but never informed appellant and that this negligence and delay caused appellant to suffer damages. In response to the motion for summary judgment, appellant asserted the affidavit of appellee's president was not a proper basis for the summary judgment because the president was an interested witness. Further, it alleged appellee: (1) negligently and willfully hindered appellant's use of the van; (2) failed to mitigate damages; (3) failed to allow appellee an offset, credit or allowance; (4) was negligent in failing to retrieve the van; (5) was negligent in failing to notify appellant of the whereabouts of the van; (6) was negligent in allowing the van to deteriorate and be vandalized. Finally, appellant asserted these issues of fact existed: the amount of damages attributable to appellee; whether punitive damages were assessable against appellee; and whether the contract was rescinded by appellee's conduct.

The trial court rendered judgment on appellee's motion granting all the relief for which appellee asked. No mention was made in the judgment of appellant's cross-action.

We first must determine whether this court has jurisdiction to entertain this appeal in light of the fact that the judgment made no mention of the cross-action. Appellant contends the court below erred in dismissing his cross-action upon appellee's oral motion at the hearing on the motion for summary judgment. Appellee contends the cross-action is still pending in the court below because no answer was filed to appellant's cross action until after the hearing on the motion for summary judgment, and the judgment is therefore interlocutory.

While the answer to the cross-action was filed after the hearing on the motion for summary judgment, it was filed before the court signed the judgment. Rule 166–A states in part: "The judgment sought shall be rendered forthwith if the pleadings, . . . on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to

the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response." Thus, the answer was "on file" for summary judgment purposes when the judgment was signed.

■ On the basis of *North East I.S.D. v. Aldridge*, S.Ct., 400 S.W.2d 893, we have jurisdiction to determine this appeal. In *Aldridge*, the cross-action was not mentioned in the summary judgment. However, the court said, "When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for separate trial having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for all appeal purposes that the court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." (at 97–98). The court further noted that this rule applies to cross-actions by a defendant against the plaintiff. See also, *Twin City Fire Ins. Co. v. Brown*, CCA (Waco), 602 S.W.2d 118 NWH; *Stark Roofing Co., Inc. v. Cameron & Co., Wholesale*, CCA (Waco), 500 S.W.2d 874, 876 NWH.

Appellant's first point of error charges the trial court erred in characterizing this case as a suit on a sworn account. After examining the transcript, we find nothing which indicates the trial court so characterized the suit.

Appellant's second, third and fourth points assert the trial court erred in sustaining the motion for summary judgment because material issues of fact existed, specifically whether appellee was negligent in failing to retrieve the vehicle, in failing to notify appellant of the vehicle's whereabouts, in leaving the vehicle unprotected, in failing to mitigate damages, and whether these acts amounted to a rescission of the contract.

■ Appellant did not deny the execution of the lease contract under oath as is required by Rule 93(h). Neither did he allege fraud, accident or mistake in the execution of the contract. Under such circumstances, construction of this unambiguous written contract was for the court. Because the appellant continued to use the van after the stated term expired, we assume it intended to continue in possession according to the contract provisions. 8 Tex. Jur.3d, Bailments § 29. According to the contract, appellant is liable for the damages awarded to appellee. See also *Buchanan v. Byrd*, S.Ct., 519 S.W.2d 841 and *D & D Associates, Inc. v. Sierra Plastics, Inc.*, CCA (Waco), 570 S.W.2d 205 NWH. The court could do nothing other than enforce the contract according to its terms and, if such terms had been violated, to allow damages for such breach. *Aldridge v. Northeast I.S.D.*, CCA (San Antonio), 404 S.W.2d 655, 656 NRE.

■ The only evidence offered by appellant was the affidavit of Paul Leviner. He stated that appellee never sent a wrecker to retrieve the vehicle as it had promised orally and that appellee knew of the vehicle's whereabouts before October 1980. While such evidence was not sufficient to defeat appellant's right to recover on the contract, it did raise issues as to whether the oral agreement, which was separate and apart from the written contract, was breached, and whether appellant could have mitigated its damages by recovering the vehicle at an earlier date. While appellant's cross-action does not effectively assert causes of action based on these statements, the pleading could be amended to allege such causes of action. Had appellant been allowed to amend his cross-action pleadings, summary judgment would have been properly granted only on the issue of appellant's contractual liability. See *Dicker v. Lomas & Nettleton Financial Corp.*, CCA (Texarkana), 576 S.W.2d 672, 676 NRE.

We affirm the summary judgment as to the cause of action asserted in appellee's petition; and reverse the judgment insofar as it impliedly disposes of the cross-action and remand the cross-action for trial.

Costs of appeal are taxed ½ each against appellant and appellee.

AFFIRMED IN PART, REVERSED & RENDERED IN PART.