Ford Motor Credit Company, Appellee, *v.* Landmark Air Fund I et al., Appellants.

(No. L-83-301—Decided December 9, 1983.)

*Mr. Kevin H. Graham* and *Mr. Gregory J. Shibley,* for appellee.

*Mr. Henry N. Heuerman* and *Mr. Donald E. Theis,* for appellants.

*Per Curiam.* This matter is before the court, *sua sponte,* there appearing to be noncompliance with Civ. R. 54(B) regarding the judgment from which the appeal *sub judice* has been taken.

At the outset, we observe that, according to the trial court's journal, plaintiff-appellee's motion for summary judgment was granted on August 12, 1983, and defendants-appellants filed their notice of appeal from that judgment on September 9, 1983. However, in reviewing the actual judgment entry, we note that it was signed and dated on *September 6, 1983, but was not file-stamped until September 12, 1983.* Despite these discrepancies, the notice of appeal itself would have been timely filed under the pre-filing provision of App. R. 4(A). We now turn to the rudimentary question arising from the mandate of Civ. R. 54(B).

In pertinent part, Civ. R. 54(B) states:

"(B) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to * * * fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of such a determination, *any order or other form of decision,* however designated, *which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties * * *.*" (Emphasis added.)

The trial court's judgment entry from which this appeal has been taken states, in relevant part:

"IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff Ford Motor Credit Company recover judgment against Landmark Air Fund III, an Ohio Partnership, Frederick L. Hotchkiss, M.D., Samuel B. Santa Rita, M.D., Robert J. Hartzfeld, M.D., Charles C. Church, M.D., Aquilles X. Palma Gill, M.D., and Ruth L. Mansa, M.D., jointly and severly [*sic*], in the sum of $174,279.09, with interest thereon from June 1, 1983, at the rate of eighteen percent (18%) per annum as specified in the promissory note which

is the subject of this action, and its cost of action."

The foregoing judgment entry fails to comply with Civ. R. 54(B) in two respects.

First, multiple parties are involved here. The trial court's judgment entry apparently purports to be a "final judgment" as to fewer than "*all* the parties." In reviewing the above-quoted portion of the judgment entry, we observe that "Ruth L. Mansa, M.D." is named as one of the defendants against whom appellee recovered judgment on the promissory note. However, there appears to be no such person involved as a party-defendant in this case. Appellee's complaint named as one party-defendant Landmark Air Fund III, an Ohio partnership consisting of eight individual partners, all of whom were also named as party-defendants. The last three of these individual partners are: Ruth L. Drapiza, Paul B. Schwarz, M.D., and Gerald W. Marsa, M.D.

As is obvious from a review of the court's judgment entry, final judgment was never rendered as to *these* parties. Nor was there ever entered an express concomitant finding of "no just reason for delay." See Civ. R. 54(B). (In this regard, we note that appellee's motion for summary judgment, filed June 1, 1983, specifically requested that the trial court make a finding that "there is no just reason for delay.")

The second problem is that fewer than all the claims have been adjudicated — and, again, *without* the necessary express determination of "no just reason for delay." In *Wise* v. *Gursky* (1981), 66 Ohio St. 2d 241 [20 O.O.3d 233], the Ohio Supreme Court held in the syllabus:

"A judgment for the defendant in a civil action, which judgment renders the defendant's third-party complaint for indemnification or contribution moot, is a final appealable order pursuant to R.C. 2505.02, and Civ. R. 54(B) is not applicable to such a judgment."

In the body of the opinion, the *Gursky* court stated at 243:

"We hold that a judgment in an action which determines a claim in that action and *has the effect of rendering moot all other claims in the action* as to all other parties is a final appealable order pursuant to R.C. 2505.02, and Civ. R. 54(B) is not applicable to such a judgment." (Emphasis added.)

In the *Gursky* case, the verdict and judgment *in favor of the defendant* rendered moot *his* third-party complaint for indemnification, since the resolution of the particular issue of liability in the defendant's favor necessarily precluded further litigation on that issue against the third-party defendants. In determining "mootness," then, the analysis must focus on the parties to whom the unadjudicated issue relates, the primary judgment (*e.g.,* summary judgment granted in favor of the defendant), and the nature of the particular issue or claim (*e.g.,* a third-party complaint for indemnification or contribution) that is asserted to have been "mooted" by entry of the primary judgment in favor of a specific party.

In *Harleysville Mut. Ins. Co.* v. *Santora* (1982), 3 Ohio App. 3d 257, the Court of Appeals for Cuyahoga County faced a Civ. R. 54(B) issue similar to the one presently before us. In that case, a declaratory judgment action had been instituted. The purpose of the declaratory judgment proceeding was "to determine plaintiff's [the insurer's] liability under an uninsured motorist clause of an automobile insurance policy issued by the plaintiff to the defendant." *Harleysville Mut. Ins. Co.* v. *Santora, supra,* at 257. The defendant filed an answer and a three-count counterclaim which, in terms of substantive issues, did not differ meaningfully from the plaintiff's declaratory judgment complaint:

"In the amended counterclaim, defendant asked the [trial] court to determine plaintiff's liability under the automobile insurance policy and also to determine whether the plaintiff had acted in bad faith while handling a claim by defendant's passenger, Esther Hummel,

against the defendant." *Santora, supra,* at 257.

The trial court ultimately entered judgment *in favor of the plaintiff* without ruling on the defendant's counterclaim. On appeal, the *Santora* court stated, at 259, in pertinent part:

"Although defendant's counterclaim was not specifically ruled on by the trial court, this case is not a candidate for dismissal under Civ. R. 54(B).

"* * *

"Counts one and two of defendant's amended counterclaim were rendered moot by the trial court's finding for plaintiff. *Defendant had asked the court to determine that there had been contact between defendant's vehicle and the 'hit-and-run' vehicle and that she was entitled to benefits under the policy. The court, by entering a judgment for plaintiff, determined there was not contact and that defendant was not entitled to benefits under the policy.*

"Count three alleged that the plaintiff acted in bad faith while negotiating a settlement with Hummel and exposed the defendant to an excess liability claim of $235,000. But on May 5, 1980, Hummel signed a release following a $7,000 settlement with plaintiff and discharged the defendant from all claims involving the accident. *A court approved stipulation dismissing Hummel's suit was received for filing on May 30, 1980.* It follows that whatever merit defendant's count three may have had, the resolution of Hummel's claim sapped it of harm and mooted it *before the trial began on January 22, 1981.*

"Thus, all three counts of the amended counterclaim were moot prior to, or rendered moot by, the judgment for plaintiff; Civ. R. 54(B) is not applicable." (Emphasis added.)

Here, defendant-appellant Hotchkiss filed an answer and two counterclaims on August 11, 1982. His first counterclaim alleged that appellee had charged a usurious rate of interest on the loans covered by the promissory notes. The second counterclaim alleged that appellee had failed to exercise reasonable care in the custody and preservation of the collateral in its possession.

In reviewing the substance of appellant Hotchkiss' counterclaims, we conclude that a judgment in appellee's favor on the outstanding balance of the principal secured by the notes does not thereby render "moot" appellant's counterclaim on the usury issue, since the counterclaim raises a logically separate issue, one distinct from that of merely defaulting on payment of the principal.

Assuming, without deciding, that summary judgment was properly granted on the promissory notes as to the principal, appellant's counterclaim for usury presently stands undetermined and, absent an express finding of "no just reason for delay," the order sought to be appealed is not a "final appealable" order within the context of Civ. R. 54(B). Cf. *Douthitt* v. *Garrison* (1981), 3 Ohio App. 3d 254, paragraph one of the syllabus. The same analysis holds true with respect to appellant Hotchkiss' second counterclaim. Both counterclaims *must* be adjudicated or, with respect to each, a finding of "no just reason for delay" *must* be made and entered.

Accordingly, until such time as the trial court enters a judgment complying in all respects with the explicit mandate of Civ. R. 54(B), we must conclude that this case is not properly before us, and the appeal *sub judice* is hereby dismissed. This case is remanded to the Lucas County Court of Common Pleas. Costs to abide final determination. It is so ordered.

*Appeal dismissed.*

CONNORS, P.J., HANDWORK and RESNICK, JJ., concur.