538 A.2d 335

**Kathleen Robin ESTEP**

v.

**GEORGETOWN LEATHER DESIGN, INC., et al.**

No. 1007, Sept. Term, 1987.

Court of Special Appeals of Maryland.

March 7, 1988.

Certiorari Granted June 24, 1988.

Joseph J. D'Erasmo (Deane A. Shure and D'Erasmo, Shure & Perez, on the brief), Rockville, for appellant.

James F. Lee, Jr. (Carr, Goodson, Lee & Foret, P.C., on the brief), Rockville, for appellee, Georgetown Leather Design.

Michael D. Sendar, on the brief, Washington, D.C., for appellee, Harlan Hadley.

Argued before WEANT, KARWACKI and WENNER, JJ.

WENNER, Judge.

We shall dismiss as untimely this appeal in which Kathleen Estep, appellant, asks us to reverse a judgment of the Circuit Court for Montgomery County.

Appellant filed a complaint against Georgetown Leather Design, Inc. seeking damages for injuries she received when she fell down a flight of stairs in Georgetown's retail store. After Georgetown filed a third-party claim against Harlan Hadley,[1] appellant amended her complaint to include Hadley as a defendant. On June 12, 1986, the trial court granted Hadley's motion for directed verdict as to appellant's claim, and on June 13, 1986, a jury rendered a verdict for Georgetown as to appellant's claim. On September 25, 1986, the court denied appellant's motion for a new trial. On October 22, 1986, appellant noted an appeal, which was voluntarily dismissed because appellant believed that the judgment appealed from was not final. Appellant then moved for entry of a final judgment on the third-party claim of Georgetown against Hadley. After the circuit court granted the motion on July 31, 1987 and entered judgment in favor of Hadley, appellant noted this appeal.

"A final judgment from which an appeal may be taken is defined as 'one which settles the rights of the parties or concludes the cause', and has been entered on the docket." (citations omitted). *Mitchell Properties, Inc. v. Real Estate Title Co., Inc.*, 62 Md.App. 473, 490 A.2d 271 (1985). We

---

1. Hadley was the architect who designed the store in which appellant was injured.

hold that the directed verdict in favor of Hadley on June 12 and the jury verdict in favor of Georgetown on June 13, 1986, both of which were entered on the docket, amounted to final appealable judgments. The entry of those judgments settled the rights of the parties, put the plaintiff out of court, and denied her the means of further prosecuting her case. *Houghton v. County Com'rs of Kent Co.*, 307 Md. 216, 221, 513 A.2d 291 (1986).

Apparently, appellant believed that because the circuit court had not ruled on the third-party claim of Georgetown against Hadley, the judgments were not final.[2] Nevertheless, as we have observed, we believe that the entry of judgments in favor of both defendants "disposed of the entire action." A third-party claim may be filed by a defendant against a "person not previously a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant." Rule 2–332. Thus, the third-party claim must be based on the plaintiff's claim against the original defendant. *White v. Land Homes Corp.*, 251 Md. 603, 248 A.2d 159 (1968).

In the case *sub judice*, the verdicts in favor of Georgetown and Hadley "adjudicated" all of the claims of appellant, as well as the third-party claim against Hadley, inasmuch as the third-party claim would only have been viable if Georgetown had been found liable to appellant. Indeed, the court instructed the jury: "You need only consider this

---

**2.** Under Maryland Rule 2–602 titled "Judgments Not Disposing of Entire Action":

[A]n order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all parties to the action:

(1) is not a final judgment;

(2) does not terminate the action as to any of the claims or any of the parties; and

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

claim (the third-party claim) if your verdict is for the Plaintiff against Georgetown Leather Design, Inc."

Although the Maryland appellate courts have not directly ruled on the issue presented by the facts of this case, decisions from other jurisdictions support our holding.

For example, in *Wise v. Gursky*, 66 Ohio St.2d 241, 421 N.E.2d 150 (1981) plaintiff-appellant filed an action against defendant-appellee to recover damages for personal injuries received when, during a hayride, an automobile operated by the defendant knocked plaintiff off the haywagon. Defendant filed an answer and a third-party complaint against the owners and operators of the haywagon for indemnification or contribution as to any possible judgment which plaintiff might receive against defendant. The trial was bifurcated as between plaintiff's complaint and defendant's third-party complaint. In the trial of the plaintiff's complaint, the jury returned a verdict in favor of the defendant. The judgment entered on that verdict failed to adjudicate the third-party complaint or expressly determine that there was "no just reason for delay" pursuant to Ohio Civ.R. 54(B).[3] Plaintiff noted an appeal to the Court of Appeals which affirmed the trial court. Thereafter, the trial court entered a judgment dismissing the third-party complaint and plaintiff noted a second appeal, claiming that since the trial court had not complied with Civ.R. 54(B) prior to the first appeal, the Court of Appeals had no jurisdiction to hear the original appeal.[4] In ruling on appellant's contention that the judgment entered as to plaintiff's complaint was not final and appealable because it did not address and dispose of the third-party complaint, the Supreme Court of Ohio said:

> In the cause *sub judice*, the judgment on the jury verdict not only determined plaintiff's action against the defendant, but it also determined all the claims and issues

---

**3.** Ohio Civ.R. 54(B) is substantially the same as our Rule 2–602.

**4.** The Court of Appeals dismissed the second appeal, holding that the judgment in the original appeal was *res judicata.* The Supreme Court of Ohio affirmed. *Wise,* 421 N.E.2d at 152.

in defendant's third-party action as well. The claims set forth in the third-party complaint and the determination of the rights and liabilities of the parties to the third-party action were rendered moot by the judgment in favor of defendant as to plaintiff's complaint.

Such an order meets the requirement of R.C. 2505.02 that an order is a final appealable order if the effect of the order "determines the action and prevents a judgment."

\* \* \* \* \* \*

We hold that a judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02, and Civ.R. 54(B) is not applicable to such a judgment.

Such a judgment is *res judicata* as to any second appeal of that judgment.

*Wise,* 421 N.E.2d at 152.

*Ford Motor Credit Co. v. Landmark Air Fund I,* 12 Ohio App.3d 117, 467 N.E.2d 573 (1983) discussed the *Wise* decision and set forth an analysis to be followed when determining whether a particular claim, not specifically ruled upon by the trial court, has been rendered moot:

In determining "mootness," then, the analysis must focus on the parties to whom the unadjudicated issue relates, the primary judgment (e.g., summary judgment granted in favor of the defendant), and the nature of the particular issue or claim (e.g., a third-party complaint for indemnification or contribution) that is asserted to have been "mooted" by entry of the primary judgment in favor of a specific party.

*Ford Motor Credit Co.,* 467 N.E.2d at 575.

Other courts have reached similar results. *See Wright v. Martin,* 674 S.W.2d 238 (Mo.App.1984) (A review of the whole record compels the conclusion that the jury necessarily considered and denied defendant's counterclaim, even

though the verdict form for defendant's counterclaim was not completed.); *Twin City Fire Ins. Co. v. Brown*, 602 S.W.2d 118 (Tex.Civ.App.1980) (In order to be final, judgment need not expressly dispose of all issues and parties in case if in considering all of its recitations and viewing them as a whole, judgment disposes of them by necessary implication.); *Kates Corp. v. Kirshenbaum*, 122 R.I. 486, 409 A.2d 540 (1979) (Where interest of co-plaintiff in litigation was for all practical purposes identical to that of plaintiff, and final order in favor of defendant and against plaintiff precluded any recovery by co-plaintiff, order of trial court was sufficient to adjudicate the rights and liabilities of all parties and appeal was not barred.).

As we have said, the judgments were properly entered on the docket as required by Rule 2–601. The docket entry for June 12, 1982 reads: "Defendant Harlan Hadley's oral Motion for Directed Verdict as to Kathleen Estep, granted." [5] One June 13, 1986 docket entry reads: "Verdict: In favor of the Defendant, Georgetown Leather Design, Inc. Judgment entered." Another docket entry of June 13, 1986 reads: "Judgment entered in favor of defendants and costs." A review of the transcript helps explain the meaning of this second docket entry of June 13. After the jury had returned its verdict in favor of Georgetown, the clerk inquired of the jury: "As to the claim of Georgetown Leather Design against Harlan Hadley, for whom do you find, the Plaintiff or the Defendant?" The court interrupted: "I think the court will enter a verdict for the defendant in this case." We believe the court was referring to the third-party defendant and that the docket entry "Judgment entered in favor of defendants and costs" refers to the original defendant and the third-party defendant. But, we need not rest on this conclusion to support our holding. As we said earlier, we believe the verdicts in favor of George-

---

5. Rule 2–601 does not require that any specific words such as "judgment", be used by the clerk. *Doehring v. Wagner*, 311 Md. 272, 533 A.2d 1300 (1987).

town and Hadley, and the entry of these judgments on the docket, disposed of the third-party claim by Georgetown against Hadley. Therefore, appellant had thirty days from the date of the court's denial of her motion for new trial to file an appeal. Rule 1012d. Inasmuch as this appeal was not filed within that time, it is not properly before us.

APPEAL DISMISSED;

COSTS TO BE PAID BY APPELLANT.