577 A.2d 78

**Kathleen Robin ESTEP**

v.

**GEORGETOWN LEATHER DESIGN et al.**

**No. 46, Sept. Term, 1988.**

Court of Appeals of Maryland.

Aug. 3, 1990.

278

Joseph J. D'Erasmo (Deane A. Shure, D'Erasmo, Shure & Perez, Rockville, on brief), for petitioner.

James F. Lee, Jr. (William J. Carter, Carr, Goodson, Lee & Foret, P.C., Rockville, Michael D. Sendar, Michael D. Sendar, P.C., Washington, D.C., on brief), for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, BLACKWELL,* JJ.

COLE, Judge.

In this case we are asked to determine whether the Court of Special Appeals failed to follow and apply the specific tests for the finality of judgments contained in Maryland Rule 2–601 and Maryland Rule 2–602, and substituted instead a new test for finality depending upon the viability of a third-party claim pending in the trial court.

Petitioner, Kathleen Robin Estep, filed suit in the Circuit Court for Montgomery County against Georgetown Leather Design, Inc. (Georgetown) for injuries she received from a fall at the Georgetown Leather Design Store in White Flint Mall. Georgetown filed a third-party complaint against Harlan Hadley, the architect, who designed the area of the store where the fall occurred. Petitioner then amended her complaint to include Hadley as a defendant. Georgetown and Hadley filed cross-claims against each other.

On June 12, 1986, the trial court granted Hadley's motion for a directed verdict in the cause of action filed by Petition-

---

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court; but did not participate in the decision and adoption of this opinion.

er. The following day, June 13, 1986, the jury returned a verdict in favor of Georgetown against Petitioner. When the clerk questioned the jury regarding the verdict on the third-party claim, Judge William C. Miller responded, "I think the Court will enter a verdict for the defendant in this case." The clerk entered on the docket the judgments in favor of defendants in the claim by Petitioner, but nothing was noted on the docket regarding the third-party claim. Petitioner's motion for a new trial was denied on September 25, 1986, and notice of appeal to the Court of Special Appeals was filed on October 22, 1986.

At a pre-hearing conference on December 11, 1986, Judge Rosalyn Bell of the Court of Special Appeals noticed the lack of a judgment on the third-party claim and hence the issue of whether a final judgment had been issued in the case was raised. Petitioner then voluntarily dismissed her appeal and filed a motion for Entry of Final Judgment on the third-party claim in the trial court. The trial judge granted the motion over Respondent's objection, and ordered that judgment be entered in favor of Hadley on the third-party claim. The order was filed on July 31, 1987. On August 11, 1987, Petitioner filed her second appeal, and the Court of Special Appeals held that the second appeal was not timely filed. *Estep v. Georgetown Leather Design, Inc.*, 74 Md.App. 451, 538 A.2d 335 (1988). Specifically, the intermediate appellate court held that the judgment entered by the trial court on June 13, 1986, reflecting the jury's verdict, was a final order disposing of all the claims in the case. Hence, Petitioner's appeal to the Court of Special Appeals, filed within thirty days of the denial of Petitioner's motion for a new trial, should not have been withdrawn. We granted Petitioner's writ of certiorari to address the important issue raised.

Petitioner maintains that the Court of Special Appeals applied an incorrect test to determine the finality of the judgment entered on June 13, 1986. According to Petitioner, a two-step process is required to make a judgment final and appealable in Maryland: (1) the judgment must be

entered on the docket [1] and (2) the judgment must dispose of all the claims which were before the trial court.[2] Because no entry regarding the third-party claim was made on the docket, Petitioner maintains that the judgment of June 13, 1986, failed to qualify as a final, appealable judgment. To support the argument that the June 13, 1986, judgment was not final, Petitioner directs this Court's attention to the order signed by the trial judge on July 31, 1987, entering a judgment on the third-party claim. Petitioner argues that the trial judge would not have signed such an order if there had been a final disposition of the third-party claim on June 13, 1986. Petitioner attempts to distinguish the cases from other jurisdictions relied on by the Court of Special Appeals, and urges us to disapprove the test which examines the mootness and viability of related claims to determine the finality of judgments.

---

**1. Rule 2–601. ENTRY OF JUDGMENT**

(a) **When Entered.**—Upon a general verdict of a jury or upon a decision by the court allowing recovery only of costs or a specified amount of money or denying all relief, the clerk shall forthwith enter the judgment, unless the court orders otherwise. Upon a special verdict of a jury or upon a decision by the court granting other relief, the clerk shall enter the judgment as directed by the court. Unless the court orders otherwise, entry of the judgment shall not be delayed pending a determination of the amount of costs.

(b) **Method of Entry—Date of Judgment.**—The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of the entry. That date shall be the date of the judgment.

**2. Rule 2–602. JUDGMENTS NOT DISPOSING OF ENTIRE ACTION**

(a) **Generally.**—Except as provided in (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counter-claim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

(1) is not a final judgment;

(2) does not terminate the action as to any of the claims or any of the parties; and

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

Respondents urge this Court to adopt a less mechanical reading of the applicable rules than that espoused by Petitioner. Respondents point to the fact that the third-party complaint would have required a finding by the jury only if Petitioner had been successful at trial. The reality of the situation, as perceived by Respondents, is that when Petitioner lost at trial, all of her claims were adjudicated, as were all the claims between Respondents. Since the jury verdict effectively disposed of the third-party claim, Respondents assert that the judgment entered on June 13, 1986, was final and appealable as to all claims before the trial court, even though each claim was not specifically noted on the docket. Respondents claim that the decision of the Court of Special Appeals reflects the reality of the situation and should therefore be affirmed by this court.

For an appellate court to entertain an appeal, the issue must generally be taken from a final judgment. We agree with Petitioner's statement that in order for a judgment to be considered final and appealable in Maryland, two criteria must be met. The judgment must settle the rights of the parties, thereby concluding the cause of action, and the judgment must be entered on the docket. Maryland Rules 2–601 and 2–602, read jointly, set forth the specific requirements which must be met in order for a judgment to be entered and to conclude the cause of action.

Although Maryland's appellate courts have never addressed the precise situation in the instant case, the issue of what constitutes a final appealable judgment has been the subject of numerous cases. *See Planning Board of Howard Co. v. Mortimer,* 310 Md. 639, 530 A.2d 1237 (1987), and cases cited therein. For an appellate court to have subject matter jurisdiction, an appeal must generally be taken from a final judgment or an appealable interlocutory order. Md.Code (1984 Repl.Vol. and 1989 Cum.Supp.) §§ 12–301 and 12–303 of the Courts and Judicial Proceedings Article.

■ In order to avoid piecemeal appeals and duplication of efforts and costs in cases involving multiple claims and/or multiple parties, Federal Rule of Civil Procedure 54(b) was adopted in the federal courts, and Rule 2–602 was adopted in the Maryland courts. Therefore, in either jurisdiction an action involving multiple claims or multiple parties is viewed as a "single judicial unit ordinarily requiring complete disposition before a final appealable judgment may be entered." *Planning Board,* 310 Md. at 647, 530 A.2d at 1241. An order or judgment that would be final and appealable except for the fact that it does not dispose of all of the claims and adjudicates the rights and liabilities of all the parties, may be appealed only when the trial court in the exercise of its discretion makes an express determination that there is no just reason for delay. *Blucher v. Ekstrom,* 309 Md. 458, 524 A.2d 1235 (1987); *East v. Gilchrist,* 293 Md. 453, 445 A.2d 343 (1982); *Lang v. Catterton,* 267 Md. 268, 297 A.2d 735 (1972); *Brooks v. Ford Motor Credit Co.,* 261 Md. 278, 274 A.2d 345 (1971); *Tedrow v. Ford Motor Co.,* 260 Md. 142, 271 A.2d 688 (1970). Such treatment does not deny the right of appeal. Rather, it regulates the time for taking the appeal in the interest of judicial economy. *Lang,* 267 Md. at 272, 297 A.2d at 738. It is precisely the question of timing that is at issue in the instant case.

In *Billman v. Maryland Deposit Insurance Fund,* 312 Md. 128, 538 A.2d 1172 (1988), we noted that the Courts and Judicial Proceedings Article leaves it to the Maryland Rules to determine the date from which the time for appeal begins to run. In *Billman,* we held that Rule 2–601(b) fixes the date on which the time calculation begins as the "date on which the clerk makes a record of the judgment by 'writing on the file jacket, or on a docket within that file, or in a docket book.'" *Id.* at 134, 538 A.2d at 1175. That date is considered "the date of the judgment." *Id.*

We made clear in *Houghton v. County Commissioners of Kent County,* 307 Md. 216, 223–24, 513 A.2d 291, 294–95 (1986), that no specific words, such as "judgment," need be

used by the clerk in order to make a docket entry into a final judgment. Nevertheless, in *Doehring v. Wagner*, 311 Md. 272, 533 A.2d 1300 (1987), we held that when a trial court makes a ruling which "in substance does finally terminate that case in that court," an appeal could still not be taken until "that ruling becomes embodied in whatever *formal* action is necessary to constitute a final judgment." *Id.* at 274–75, 533 A.2d at 1301 (emphasis added).

Therefore, Respondent's contention that the oral comment made by the trial judge was sufficient to create a final judgment on the third-party claim is simply not supported by caselaw. In *Suitland Development Corp. v. Merchants Mortgage Co.*, 254 Md. 43, 56, 254 A.2d 359, 366 (1969), we examined when a decree became final for purposes of appeal and we reiterated our approval of the comment of Judge Digges in *Pocock v. Gladden*, 154 Md. 249, 253–54, 140 A. 208, 210 (1928), wherein he wrote:

[I]t is our opinion that the date of a decree ... relating to the time within which appeals from decrees or orders of courts of equity shall be taken, is that date upon which the decree becomes effective and binding, which can only be that date upon which it is filed and becomes a part of the public record of the case.

Specifically applicable to the judge's comments from the bench in the instant case, the *Pocock* court held that "[t]here is nothing binding in the decree of the court until it is filed, for the simple reason that until it is filed the court could alter or destroy it entirely and substitute some other in its place." 154 Md. at 254, 140 A. at 210. *See Associated Realty Co. v. Kimmelman*, 19 Md.App. 368, 374, 311 A.2d 464, 467 (1973).

In addition to these Maryland cases, we can turn to the federal courts for guidance. Rule 2–602 is derived from federal rule 54(b), and interpretations of this federal rule are especially persuasive as to the meaning of the Maryland rule. *Diener Enterprises, Inc. v. Miller*, 266 Md. 551, 295 A.2d 470 (1972).

In *Owens v. Aetna Life & Casualty Co.*, 654 F.2d 218 (3d Cir.1981), an insurance agent filed suit against Aetna Life and Casualty Co. and numerous other defendants as a result of Aetna's decision to discontinue marketing medical malpractice insurance in New Jersey. Aetna cross-claimed against the New Jersey Medical Society for contribution or indemnity in the event that Aetna was found liable to the plaintiff. On July 25, 1979, the trial judge granted summary judgment in favor of Aetna on the original complaint. On October 13, 1979, the trial judge filed an additional order dismissing the original complaint after noting that the outstanding cross-claim had been withdrawn. Plaintiff subsequently filed his appeal and Aetna moved to dismiss on the ground that the appeal had been filed more than thirty days after the July 25 order granting Aetna summary judgment.

Applying federal rule 54(b), the United States Court of Appeals for the Third Circuit concluded that the July 25 order was a judgment as to fewer than all of the claims or parties, and therefore any appeal from that order would have been premature until the outstanding cross-claim had been resolved. The circuit court explained its decision as follows:

> We recognize that as a practical matter Aetna's pending cross-claim for contribution/indemnity became groundless once Aetna's motion for summary judgment was granted. However, to read "practicalities" into the already plain language of Rule 54(b) would only foster uncertainty in an area of the law that must remain clear.

*Id.* at 220 n. 2.

The situation in *Owens* is virtually identical to the situation in the instant case, the only differences being that Aetna was granted a summary judgment instead of a jury verdict and that a cross-claim, rather than a third-party claim was involved. These distinctions, however, are of no consequence in a determination of whether a judgment or order is appealable based on its disposition of all of the claims or parties.

In the instant case, the judgment in favor of Georgetown made the third-party claim between Georgetown and Hadley groundless "as a practical matter." *Id.* Since Georgetown was found not to be liable to Estep, there were no grounds for Georgetown to maintain a suit against Hadley for indemnification or contribution. Nonetheless, it was not until the trial judge entered the additional order disposing of the third-party complaint on the docket that all of the claims or parties had reached a resolution.

The *Owens* court relied on its own earlier decision in *Knox v. United States Lines Co. v. T. Hogan Corp.*, 294 F.2d 354 (3d Cir.1961), in applying federal rule 54(b). *Knox* involved an additional procedural step, but the rationale is instructive to the resolution of the instant case. In *Knox*, when judgment was entered for the defendant at trial, the judge specifically dismissed the third-party claim of United States Lines against T. Hogan Corp. At this point, the judgment entered for the defendant was final and appealable. The situation changed, however, when the plaintiff filed a motion for a new trial and United States Lines filed a motion for a new trial as to its third-party claim. Upon the filing of those motions, the earlier judgments ceased to be final.

The trial judge denied the plaintiff's motion, but for some reason failed to dispose of the defendant's motion. The undecided motion, although groundless at this point, prevented the judgment from being final and denied the appellate court jurisdiction. *Id.* at 360.

█ Both *Owens* and *Knox* stand for the proposition that no matter how groundless an outstanding claim might be, unless it is somehow disposed of through the entry of a judgment, that outstanding claim will be sufficient to deprive an appellate court of jurisdiction over the case under federal rule 54(b).

This Court has recently reemphasized the precedence that the record takes over the oral statements or the intentions of the judge. *See Robinson v. Lee*, 317 Md. 371, 564 A.2d

395 (1989). Given the clear language of the applicable Maryland rules, the interpretations of those rules by this Court and the Court of Special Appeals, and the interpretations of the corresponding federal rules, we see no reason to adopt a new test based on the mootness or viability of third-party claims to determine when a judgment is to be considered as final and appealable.

We do not believe that either the public or the appellate courts of this state will be well served by a test which requires an examination of the legal relationships of all of the claims at trial and a conclusion through deductive reasoning that a judgment on one claim has obviated the need for a judgment to be entered on the remaining claims. Such a test would only make the legal system more mysterious to the general public. The value of a simple docket entry which would make clear to everyone the disposition of each and every claim in a case cannot be overemphasized.

We, therefore, hold that the Court of Special Appeals was in error when it applied a test of viability or mootness in order to determine whether a final appealable judgment on the third-party claim in the instant case existed. Application of the proper test under Rule 2–601 would have revealed that a final judgment disposing of all claims or parties was not in existence until the judgment on the third-party claim was entered on the docket on July 31, 1987. Consequently, Petitioner's appeal, filed on August 11, 1987, clearly was filed within the 30 days allotted under Rule 8–202(a) and should not have been dismissed.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT.