Kenneth B. GRUBB, t/a Grubb Contractors, Plaintiff–Appellant,

and

Kevin K. Grubb; Eric D. Grubb; Kerry S. Grubb, Plaintiffs,

v.

DONEGAL MUTUAL INSURANCE COMPANY, Defendant–Appellee,

and

Warwick C. Sherrard; Annis P. Sherrard, his wife, Defendants.

No. 90–2059.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 3, 1990.

Decided June 10, 1991.

Paul Joseph Mraz, Sr., Elkton, Md., for plaintiff-appellant.

Daniel Warren Whitney, Sr., argued (Robert G. Bello, Semmes, Bowen & Semmes, Baltimore, Md., on brief), for defendant-appellee.

Before PHILLIPS and NIEMEYER, Circuit Judges, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

PHILLIPS, Circuit Judge:

Kenneth Grubb, t/a Grubb Contractors, Kevin Grubb, Eric Grubb and Kerry Grubb (the Grubbs) appeal the district court's denial of their motion to remand, contending that Donegal Mutual Insurance Company (Donegal), defendant in their declaratory action in state court, had waived its right to remove the action to federal court by its participation in the state court proceedings. Because we agree with the district court

that Donegal had not waived its right to remove, we affirm.

## I

In August 1989, the Grubbs filed a declaratory judgment action against Donegal in the Circuit Court for Cecil County, Maryland. The Grubbs asserted that Donegal was obligated to provide them with insurance coverage and a defense to a suit filed against the Grubbs by Warwick C. Sherrard and Annis P. Sherrard (the Sherrards). The complaint also named the Sherrards as defendants. The Grubbs and the Sherrards reside in Maryland, while Donegal's principal place of business is in Pennsylvania. In their answer, the Sherrards moved that the complaint against them be dismissed for failure to state a claim.

With this issue joined, Donegal filed a summary judgment motion. At a hearing on this motion, the Sherrards' attorney told the state circuit court, "I don't know why we're here." J.A. at 54. The Grubbs' attorney responded, "We brought the Sherrards in. I'm trying—I would stipulate to their dismissal." The judge then stated, "All right. The Sherrards are dismissed in this case." J.A. at 54.

After this exchange, the court proceeded with the hearing. The Grubbs based their claims on two policies issued to them by Donegal, a general liability policy and a commercial excess policy. At the conclusion of the hearing, the court ordered Donegal to provide the Grubbs with a defense under the general liability policy to all counts alleging poor workmanship. However, the court did grant Donegal's motion as it applied to the commercial excess policy; and it reserved judgment on the issue of Donegal's duty to provide coverage on the workmanship counts. J.A. at 83–84.

Donegal filed a notice of removal on diversity grounds on January 17, 1990, after receiving a copy of the typewritten docket entry that noted the state court's dismissal of the Sherrards. On January 19, 1990, Donegal filed a renewed motion for summary judgment in federal district court. The Grubbs responded with a motion to remand and a memorandum in opposition to Donegal's summary judgment motion. The district court denied the Grubbs' motion to remand and granted Donegal's summary judgment motion. The Grubbs filed a motion to alter or amend judgment, which the district court also denied.

The Grubbs then took this appeal from the denial of their motion to remand.[1]

## II

The Grubbs present several arguments in support of their position.

■ First, they claim that Donegal waived its right to remove the case to federal court by failing to assert that right immediately after the state court judge dismissed the Sherrards. The Grubbs contend that by allowing the summary judgment hearing to proceed, Donegal showed its intent to waive its right to remove the case.

Under 28 U.S.C. § 1446(b), if a case that was not removable when it was first filed becomes removable,

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

28 U.S.C. § 1446(b). In a recent case, the Seventh Circuit has held that after Congress passed § 1446(b), there was no further need for the waiver doctrine:

> In sum, it appears that the doctrine of waiver developed out of the necessity to interpret the pre–1948 removal statutes. The 1948–49 revisions [including the present § 1446(b)] addressed the problems that created the need for the doctrine, set definite time limits, and strove to make the removal process uniform throughout the federal jurisdiction.

---

1. The Grubbs are not appealing the district court's grant of summary judgment on the mer-
its.

*Rothner v. City of Chicago*, 879 F.2d 1402, 1415 (7th Cir.1989). The *Rothner* Court therefore held that § 1446(b) did not authorize the district court to remand a case on the ground of waiver but added the following qualification:

> This is not to say, however, that district courts are without power to remand in extreme situations.... [T]he values of judicial economy, fairness, convenience and comity justify supplementation of statutory rules with common law doctrines. The same values may justify the application of the common law doctrine of waiver.

*Id.* at 1416 (citations omitted).

We are persuaded by this reasoning, and adopt *Rothner*'s holding that although a defendant may yet waive its 30–day right to removal by demonstrating a "clear and unequivocal" intent to remain in state court, such a waiver should only be found in "extreme situations." *Rothner*, 879 F.2d at 1416.

In reviewing the district court's determination that Donegal did not waive its right to remove to federal court, we review a factual determination. *See Rothner*, 879 F.2d at 1408 ("a waiver determination involves a factual and objective inquiry as to the defendant's intent to waive"). We could reverse, therefore, only if we could declare that finding clearly erroneous, and that we cannot do.

Donegal did not take any substantial affirmative steps in the state court after the Sherrards were dismissed. Donegal had already filed its summary judgment motion before the dismissal of the Sherrards, and its attorney did not go to the hearing with any knowledge that the Sherrards might be dismissed. As the district court explained, Donegal's conduct in failing to remove the case immediately after the judge orally dismissed the Sherrards did not show a "clear and unequivocal" intent to waive its rights, especially since the Grubbs had not filed a written response to Donegal's summary judgment motion and the hearing itself "in some ways more resembled a colloquy than a hearing." *Grubb v. Donegal Mutual*

*Ins. Co.*, CA–90–195–S, slip op. at 3 (D.Md. Feb. 9, 1990).

■ Further supporting the district court's ruling is the fact that under Maryland's civil rules dismissal of the Sherrards which made the action removable was not effective until it was recorded on the docket. Maryland Rule 2–601(b) provides:

> The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of the entry. That date shall be the date of the judgment.

Under Maryland law, a judgment is not final for appeal purposes until it has been entered in accordance with this statute. *Estep v. Georgetown Leather Design*, 577 A.2d 78, 80 (Md.1990). This is based on the practical consideration, among others, that until an order or judgment is thus formally entered, a judge who has announced an intention or disposition to rule in a certain way might yet change his mind before making the ruling a formal one. *Id.* at 81. This is also true in the removal context. The state court judge here could have changed his mind about dismissing the Sherrards before his order was entered on the docket. Thus, the case was not officially removable until the dismissal order was entered on the docket and Donegal was entitled to proceed on that assumption.

Finally, the removal statute itself provides that the thirty-day time limit begins after receipt "through service or otherwise, of a *copy* of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable...." 28 U.S.C. § 1446(b) (emphasis added). The combination of the plain language of the statute and Maryland law on final judgments thus additionally supports the district court's finding that Donegal had not evinced a "clear and unequivocal intent" to remain in state court, hence had not waived its right to remove.

The Grubbs point to several factors that might have supported a contrary finding of fact as to Donegal's intent in participating

as it did in the state court proceeding. Had the court found differently, we likely would have been compelled to affirm that finding as not clearly erroneous; but that was not its finding, and the one made was, as indicated, a plausible one that we may not reject. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

### III

The Grubbs' other arguments in support of their motion to remand require less detailed analysis. First, the Grubbs contend that Donegal should have filed a petition for removal within thirty days of receiving the original complaint, because Donegal should have recognized that the Sherrards were only nominal parties to the action. However, under Maryland law the Sherrards were more than nominal parties. The Maryland Code provides that "[i]f declaratory relief is sought, a person who has or claims any interest which would be affected by the declaration, shall be made a party." Md. Cts. & Jud. Proc.Code Ann. § 3–405(a)(1) (1989). Because the Sherrards were suing the Grubbs in the underlying litigation, they had such an interest.

Although the Sherrards were necessary parties under Maryland law, they could choose to waive their right to take part in the proceedings. *See Bodnar v. Brinsfield*, 60 Md.App. 524, 483 A.2d 1290, 1295 (1984) (so long as necessary parties are aware of litigation and have opportunity to participate, they are bound by result of such litigation). The state court's dismissal of the Sherrards was therefore necessary to effect their removal as formal parties to the action, and Donegal was correct in its determination that the case was not removable until the Sherrards were dismissed.

■ The Grubbs also argue that the Sherrards were not voluntarily dismissed from the case. If the Grubbs did not voluntarily dismiss the Sherrards, then the case was improperly removed. *See Heniford v. American Motors Sales Corp.*, 471 F.Supp.. 328, 335 (D.S.C.1979) ("The paramount consideration in determining wheth-

er the dropping of the resident defendant as an adverse party renders a case removable is if such. resulted from the *voluntary* act of the plaintiff."). The Grubbs base their argument in part on Maryland Rule 2–506(a), which requires that a stipulation of dismissal be signed by all parties. However, as the district court noted, Rule 2–506, (entitled "voluntary dismissal") also provides for voluntary dismissal by order of the court, which does not require the parties' signatures. Md.Rule of Civ.Pro. 2–506(b). The Grubbs' assertion that if the dismissal was by order of the court, then it could not have been achieved by a voluntary act of the plaintiff is inconsistent with the language of Rule 2–506(b), which states in relevant part, "[e]xcept as provided in section (a) of this Rule, a plaintiff may dismiss an action only by order of court...." Thus, voluntary dismissal under Rule 2–506(b) still contemplates voluntary dismissal initiated by the plaintiff.

The Grubbs also claim that their counsel's statement, "I would stipulate to their [the Sherrards] dismissal" was too tentative to be considered voluntary. In the context of the state court hearing, however, this contention fails. After counsel's comment, the state court judge responded, "All right. The Sherrards are dismissed in this case." J.A. at 54. The Grubbs' counsel did not object to the judge's oral ruling. Presumably, if he had not meant to voluntarily dismiss the Sherrards, counsel would have objected at the hearing. The district court was therefore correct in holding that the Grubbs' dismissal of the Sherrards was voluntary.

The Grubbs' final two arguments also lack merit. The Grubbs cite several cases for the proposition that if federal jurisdiction is in doubt, the case should be remanded to the state court. · However, at the time Donegal filed its petition for removal, there was no question that diversity jurisdiction actually existed. Similarly, the Grubbs' argument that Donegal has the burden of establishing that removal was proper does not require us to reverse the district court. Donegal has shown that its removal was proper, as there was never a question of

whether diversity jurisdiction existed at the time Donegal filed its removal petition. Donegal also complied with all of the requirements of 28 U.S.C. § 1446(b).

## IV

For the foregoing reasons, we affirm the district court's denial of the Grubbs' motion to remand.

AFFIRMED