**DON ROOS CONSTRUCTION CO., INC. t/a Roos Kitchens**

v.

**FIELDSTONE CABINETRY, INC., Hechingers Stores Company, Cabinet Discounters, Inc.**

**Civil No. S 95–1367.**

United States District Court, D. Maryland.

March 6, 1996.

Allan A. Noble and Alexia Kenth Bourgerie, Budow & Noble, PC, Bethesda, Maryland, for plaintiff.

Margaret M. Zwisler, Richard A. Ripley, and Matthew Carswell, Howrey & Simon, Washington, DC, for defendant Fieldstone Cabinetry, Inc.

Samuel J. DeBlasis, II and Solomon M. Sterenberg, Decaro, Doran, Siciliano, Gallagher, Sonntag & Deblasis, Lanham, Maryland, for defendant Hechingers Stores Company.

Alfred F. Belcuore, Montedonico, Hamilton & Altman, PC, Washington, DC, for defendant Cabinet Discounters, Inc.

### MEMORANDUM OPINION AND ORDER

SMALKIN, District Judge.

This matter is before the Court on the plaintiff's motion for attorney's fees on remand, pursuant to 28 U.S.C. § 1447(c). In a Memorandum and Order entered June 9, 1995, the Court remanded this case to the Circuit Court for Howard County, Maryland, where it is still pending. Because the removal was entirely improper, the Court, in the exercise of its discretion, determined that the award of fees on remand against defendant Fieldstone was appropriate under 28 U.S.C. § 1447(c) and directed the plaintiff to file a motion for such fees in a timely fashion under the Local Rules of this Court.

The plaintiff, rather than filing any motion for attorney's fees in this Court, filed such motion in the Circuit Court for Howard County six days after remand. The removing defendant never bothered to answer the motion; realizing that it was filed in the wrong court, the defendant treated it as a nullity. On January 4, 1996, long after the remand, but while the case was still pending in the Circuit Court for Howard County, the plaintiff filed the present motion for attorney's fees attributable to removal, *semble* pursuant to Local Rule 109.2, in this Court. The defendant claims that the motion is untimely, because it was not filed within 14 days of this Court's remand order.

Neither side is correct in its view of the timeliness requirement of the governing local rule, Local Rule 109.2.a, D.Md. That rule states, in pertinent part, "Unless otherwise provided ... or otherwise ordered by the Court, any motion ... requesting the award of attorney's fees must be filed within 14 days of the entry of judgment...."

In its Order of Remand, this Court did not set a specific time period for the filing of the motion in question, but simply referred to the local rule. The local rule clearly provides that the motion for attorney's fees is not due until 14 days after "the entry of *judgment.*" (Emphasis added.)

Whether construed under federal law, Fed. R.Civ.P. 54(a), or state law, Maryland Rule 2–601, an order of remand entered by this Court in a removed case is not a "judgment." Fed.R.Civ.P. 54(a) defines, in pertinent part, a judgment as "any order from which an appeal lies." By statute, orders of remand in all cases other than civil rights cases removed under 28 U.S.C. § 1443 are "not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d). Thus, this Court's order of remand was not a "judgment" under federal law. And, of course, it certainly would not constitute a judgment of the Maryland state court, as it was not entered by that court, and also because, in order to constitute a judgment under Maryland law, the order must settle the rights of the parties and conclude the cause of action. *Estep v. Georgetown Leather Design,* 320 Md. 277, 577 A.2d 78 (1990). An order of remand does neither.

This Court has ascertained that the underlying case is still pending in the Circuit Court for Howard County, no final, appealable judgment having been entered pursuant to Maryland Rule 2–601. Therefore, the present motion is neither ripe for presentation to this Court nor is it time-barred. Once a final judgment will have been entered in the state Circuit Court—no matter who prevails—the time for filing under Local Rule 109 will begin to run.

Therefore, the plaintiff's motion for attorney's fees is hereby *denied,* without prejudice to its timely refiling pursuant to Local Rule 109, D.Md., following the entry of judgment in the underlying action.

SO ORDERED.