790 A.2d 11

**Mukhtar TAHA,**

v.

**SOUTHERN MANAGEMENT CORPORATION.**

No. 53, Sept. Term, 2001.

Court of Appeals of Maryland.

Feb. 4, 2002.

James C. Strouse, Columbia (Forrest E. Mays, Annapolis; John W. Hermina, George W. Hermina, Hannibal G. Kemerer of Hermina Law Group, Laurel), on brief, for petitioners.

Stephen M. Silvestri (Lisa F. Orenstein of Miles & Stockbridge, P.C., on brief), Baltimore, for respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

BATTAGLIA, Judge.

On May 15, 1994, Southern Management Corporation (hereinafter "SMC") hired Mukhtar Taha (hereinafter "Taha") to work as a Maintenance Technician at the Silver Spring Towers apartment complex, one of the apartment facilities managed by SMC. On October 18, 1994, Taha's employment with SMC was terminated by property manager, Deborah Wylie–Forth (hereinafter "Wylie–Forth"), and assistant property manager, Barbara Belton, on the basis of Taha's poor work performance, insubordination, and abusive behavior.

Shortly after Taha was terminated, the maintenance supervisor at the apartment complex, Michael McGovern (hereinafter "McGovern"), notified Wylie–Forth that several items were missing from a locked maintenance tool and supply area. In response, Wylie–Forth contacted the Montgomery County Police Department to report the missing items. As a result of police investigation, Taha was arrested and charged with attempted burglary in the second degree, and burglary in the fourth degree for breaking and entering a dwelling or storehouse in violation of Maryland Code, Article 27, Section 32 (1957, 1992 Repl.Vol., 1994 Supp.). Ultimately, the State entered a *nolle prosequi* to the charges.

On March 3, 1999, Taha filed in the Circuit Court for Montgomery County a civil complaint against SMC, and two of its employees, McGovern and Wylie–Forth, asserting, *inter alia,* a claim of malicious prosecution. The jury returned a verdict in favor of defendants Wylie–Forth and McGovern, finding that Taha had not been the victim of malicious prosecution by either employee, but found against SMC. The jury awarded Taha $25,000 in economic damages, $75,000 in non-economic damages, and $100,000 in punitive damages. The Judgment Order of the Clerk of the Circuit Court for Montgomery County entered following the jury trial failed to include the special verdicts in favor of the individual employees; instead, it simply referenced the verdict against the corporation for economic, non-economic, and punitive dam-

ages. Similarly, the docket contains no entries for verdicts or judgment orders in favor of the employees.

SMC appealed the trial court's denial of its motion for judgment notwithstanding the verdict to the Court of Special Appeals, *Southern Management Corp. v. Taha*, 137 Md.App. 697, 769 A.2d 962 (2001). The Court of Special Appeals held that the verdict against SMC could not stand based on the jury's exoneration of the two named defendant employees whose conduct served as the factual basis for Taha's responde-at superior claim as to SMC's liability. *Id.* at 724, 769 A.2d at 978.

We granted Taha's petition for writ of certiorari on the issue of whether the trial court properly denied SMC's motion for judgment notwithstanding the verdict in light of the jury's irreconcilably inconsistent verdicts in favor of the individual employees, Wylie–Forth and McGovern, but against the employer, SMC, for the tort of malicious prosecution under a theory of respondeat superior liability. We shall not reach, however, the underlying issue raised in Taha's petition for certiorari. Because final appealable judgments against the individual employees were not entered by the Circuit Court for Montgomery County, we are required to order the dismissal of the appeal.

In order for an appellate court to have jurisdiction over an appeal, there ordinarily must be a final judgment in the trial court. *See Estep v. Georgetown Leather Design*, 320 Md. 277, 282, 577 A.2d 78, 80 (1990); Md.Code, Courts and Judicial Proceedings Article, § 12–301 (1974, 1998 Repl.Vol.). We have explained that "an order or other form of decision which adjudicates fewer than all claims in an action is not a final judgment, is not appealable, does not terminate the action as to any claims, and is subject to revision at any time before the entry of a judgment which does adjudicate all claims." *Shenasky v. Gunter*, 339 Md. 636, 638, 664 A.2d 882, 883 (1995); Maryland Rule 2–602(a). Rather, a final appealable judgment is one which terminates the case in the trial court, and for which the court has entered a judgment on the

docket. *See Claibourne v. Willis*, 347 Md. 684, 691, 702 A.2d 293, 296 (1997); *Board of Liquor License Comm'rs for Baltimore City v. Fells Point Café, Inc.*, 344 Md. 120, 127–28, 685 A.2d 772, 775 (1996)(quoting *Davis v. Davis*, 335 Md. 699, 710, 646 A.2d 365, 370 (1994)); *Estep*, 320 Md. at 282, 577 A.2d at 80; *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41, 566 A.2d 767, 773 (1989); *Houghton v. County Comm'rs of Kent County*, 307 Md. 216, 221, 513 A.2d 291, 293 (1986); *McCormick v. St. Francis de Sales Church*, 219 Md. 422, 426–27, 149 A.2d 768, 771 (1959).

Maryland Rule 2–601, governing the entry of judgments, provides in relevant part:

(a) Prompt entry—Separate document. Each judgment shall be set forth on a separate document. Upon a verdict of a jury or a decision by the court allowing recovery only of costs or a specified amount of money or denying all relief, the clerk shall forthwith prepare, sign, and enter the judgment, unless the court orders otherwise. Upon a verdict of a jury or a decision by the court granting other relief, the court shall promptly review the form of the judgment presented and, if approved, sign it, and the clerk shall forthwith enter the judgment as approved and signed. A judgment is effective only when so set forth and when entered as provided in section (b) of this Rule. Unless the court orders otherwise, entry of the judgment shall not be delayed pending determination of the amount of costs.

(b) Method of entry—Date of judgment. The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of the entry. That date shall be the date of the judgment.

The purpose of Maryland Rule 2–601 was to address "the need for clear, complete, and precise judgments" by creating a rule which would be more in keeping with Federal Rule of

Civil Procedure 58.[1]  *See* Reporter's Note to Proposed Rule 2–601, 23 Md. Reg., Issue 24, Friday, Nov. 22, 1996, at 1667. The separate document rule under the Federal Rules of Civil Procedure was designed to establish clearly when filing periods begin for post-trial motions and appeals.  *See Barber v. Whirlpool Corp.*, 34 F.3d 1268, 1274 (4th Cir.1994).

Although we have previously held that parties may waive the separate document requirement under Maryland Rule 2–601 for preservation purposes, *see Suburban Hosp. Inc. v. Kirson*, 362 Md. 140, 156, 763 A.2d 185, 193 (2000), we did so only where application of the waiver doctrine preserved the right to appeal, where none of the parties raised any objection, and where final judgment was entered on the docket.  *Id.* at 157, 763 A.2d at 193–94.  Our decision in *Kirson* was based, in part, on the United States Supreme Court's decision in *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), which interpreted the separate document requirement under Fed.R.Civ.P. 58.  In *Bankers Trust*, the Court stated, "[t]he sole purpose of the separate-document requirement ... was to clarify when the time for appeal ... begins to run."  435 U.S. at 384, 98 S.Ct. at 1120, 55 L.Ed.2d

---

1. Federal Rule of Civil Procedure 58 provides:

    Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it.  Every judgment shall be set forth on a separate document.  A judgment is effective only when so set forth and when entered as provided in Rule 79(a).  Entry of the judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except that, when a timely motion for attorneys' fees is made under Rule 54(d)(2), the court, before a notice of appeal has been filed and has become effective, may order that the motion have the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59.  Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.

at 361. The Court held that the separate document requirement could be waived by the parties where the trial court clearly expressed its intent that the action from which the appeal is taken represents the final decision of the case, and the respondent raises no objections to the appeal. *Id.* at 387–88, 98 S.Ct. at 1121, 55 L.Ed.2d at 363. The Court stated:

> If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose.

*Id.* at 385, 98 S.Ct. at 1120, 55 L.Ed.2d at 362. Nevertheless, in finding that the trial court clearly had evidenced its intent that the opinion and order from which the appeal was taken represented the final decision of the case, the Court noted that a judgment of dismissal had been recorded in the clerk's docket. *Id.* at 387, 98 S.Ct. at 1121, 55 L.Ed.2d at 363.

▄ SMC argues that the trial court's statement at the hearing on its post-trial motions denying the motion for judgment notwithstanding the verdict indicates the trial court's intention that a final judgment had been entered against Taha in favor of Wylie–Forth and McGovern. In rendering its ruling, the trial court made the following statement:

> Even though not finding the individual employees responsible, which clearly they did by their verdict, that does not mean that the verdict was legally defective, although it may appear on the surface to be factually inconsistent.
>
> So for that reason I am not going to disturb the verdict. I do believe the J.N.O.V. should be denied.

We have concluded, however, that an oral comment by the trial judge contained in the record is insufficient to create a final judgment. *See Estep,* 320 Md. at 284, 577 A.2d at 81.

▄ In the present matter, we have no docket entries and no separate documents for the employee verdicts indicating a final judgment, and upon which the issue of irreconcilability

rests. In the opinion below, the Court of Special Appeals assumed jurisdiction and apparently overlooked this issue.

Nevertheless, the entire issue of the irreconcilability of the verdicts at issue in this appeal is dependent upon the existence of a final judgment with respect to all three defendants. The verdicts covering two of the defendants are not covered by docket entries and separate documents as required by Rule 2–601. Because final and appealable judgments have not been entered in this matter, the Court of Special Appeals was without authority to entertain this appeal.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO DISMISS THE APPEAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RE-SPONDENT.*