811 A.2d 855

**David R. FORWARD, et al.**

v.

**Curtlan R. McNEILY, et al.**

**No. 2071, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

Dec. 2, 2002.

---

Arthur R. Kahn (Braude & Margulies, P.C., on the brief), Washington, DC, for appellants.

David A. Holzworth (Leslie K. Dellon, Lepon, Holzwoth & Kato, PLLC, on the brief), Washington, DC, for appellee.

Argued before SALMON, DEBORAH S. EYLER, JOHN F. McAULIFFE, (Ret., Specially Assigned), JJ.

SALMON, Judge.

This is an appeal from an interlocutory order entered on November 16, 2001, by the Circuit Court for Montgomery County. The order reads, in pertinent part, as follows:

1. Plaintiffs' Motion for Ancillary Relief in Aid of Enforcement is granted.

2. Defendant Forward shall issue stock certificates to the Plaintiff Curtlan R. McNeily for 44 percent of the stock of Business Information Network, Inc. and to Mark Burnett for 5 percent of the stock of Business Information Network, Inc. in accordance with their stock interests as determined by the judgment recorded in this court and entered in *Business Information Network, Inc. et al. v. David R. Forward,* Case No. CAL 94–25360, in the Circuit Court for Prince George's County, Maryland.

3. Defendant Forward shall bring the stock register of BIN into conformity with the judgment entered in *Business Information Network, Inc. et al. v. David R. Forward,* Case No. CAL 94–25360, in the Circuit Court for Prince George's County, Maryland.

4. Defendant Forward is enjoined from any disposition of the property subject to the judgment or from any disposition of the documents representing an interest in such property.

Under the provisions of section 12–303(1), 3(i) and (v) of the Courts and Judicial Proceedings Article of the Maryland Code (1998 Repl.Vol.), the above interlocutory order was immediately appealable, even though no final judgment was entered.[1] The parties against whom the order was direct-

---

1. Section 12–303 of the Courts and Judicial Proceedings Article reads, in pertinent part, as follows:

**Appeals from certain interlocutory orders.**

A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:

(1) An order entered with regard to the possession of property with which the action is concerned or with reference to the receipt or charging of the income, interest, or dividends therefrom, or the refusal to modify, dissolve, or discharge such an order.

(2) An order granting or denying a motion to quash a writ of attachment.

(3) An order:

ed, Catalyst Equity Corporation and David R. Forward, filed an appeal from the foregoing order and raise the following question: [2] *viz:*

> Did the circuit court for Montgomery County err in granting appellees' motion for ancillary relief in aid of enforcement of a Prince George's County judgment, where no judgment was entered in Prince George's County?

## I.

The resolution of the sole issue raised in this appeal concerns procedural matters that took place in three cases, one in Prince George's County and two in Montgomery County.

### A. *The Prince George's County Case*

In December 1994, a lawsuit was filed in the Circuit Court for Prince George's County by Business Information Network, Inc. ("BIN"); Mark Burnett; Curtlan McNeily; Curtlan McNeily as a receiver for P.C. Consultants, Inc. ("PCI"); Curtlan McNeily and Mark Burnett as shareholders of BIN; and BIN as a nominal plaintiff. The individual plaintiffs were all shareholders—or former shareholders—of BIN. The defendants in that lawsuit were David Forward; his wife, Maryann; and the law firm of Ginsberg, Feldman and Press, Chartered

---

> (i) Granting or dissolving an injunction, but if the appeal is from an order granting an injunction, only if the appellant has first filed his answer in the cause....

**2.** Appellants ask a second question as well, but as to that question we are without jurisdiction to decide it. That second question is:

> Did the circuit court err in denying appellants' motion for summary judgment, where the complaint is barred by the doctrine of *res judicata* and the statute of limitations?

The denial of a summary judgment motion is not a final judgment as defined by Maryland Rule 2–602. *See Porter Hayden Co. v. Commercial Union Ins. Co.*, 339 Md. 150, 164, 661 A.2d 691 (1995), and cases therein cited. Moreover, no statute allows an interlocutory order of this type to be appealed immediately. *See, e.g., Taha v. Southern Mgmt. Corp.*, 367 Md. 564, 790 A.2d 11 (2002). And, a non-appealable order may not be combined with an appealable interlocutory order so as to confer jurisdiction upon this Court. *Williams v. State*, 17 Md.App. 110, 115, 299 A.2d 878 (1973).

("GFB"). The Prince George's County complaint contained seven counts, including one alleging legal malpractice against GFB. Prior to trial, the claim against GFB was dismissed.

On November 2, 1995, plaintiffs filed a "First Amended Complaint for Injunctive and Declaratory Relief and Damages." In Counts I, II, and III, the plaintiffs asked the court to

> [d]eclare that McNeily is the lawful owner of at least forty-four percent (44%) of BIN stock and that Burnett is the lawful owner of at least five percent (5%) of BIN stock . . . .

The parties filed multiple pretrial motions in the period between 1994 and 1998. Resolution of those motions delayed the start of the jury trial until November 30, 1998. The jury thereafter found for the plaintiffs on some, but not all, issues by answering a number of questions set forth on a special verdict sheet.

The jury found that David Forward had breached the fiduciary duty he owed to certain of the plaintiffs in several ways. The jury also found that Mr. Forward had breached a contract with Messrs. Burnett and McNeily and had converted to his own use certain shares of their stock. The jury awarded damages to the various plaintiffs that cumulatively totaled over four million dollars.

On the special verdict sheet, the jury was asked to name the current shareholders of BIN and their percentage interest. Evidently, that question was posed so that the court could declare the rights of the parties as requested in Counts I–III. The jury answered that question as follows:

| | |
|---|---|
| *David R. Forward* | % <u>51</u> |
| *Curtlan R. McNeily* | % <u>44</u> |
| *Mark Burnett* | % <u>5</u> |

On January 19, 1999, the trial judge, Honorable Darlene Perry, pursuant to the answers to other questions set forth on the special verdict sheet, entered judgment against David Forward: (1) in favor of Mark Burnett in the amount of $324,888; (2) in favor of Curtlan McNeily in the amount of

$1,000,000; (3) in favor of BIN in the amount of $812,888; and (4) in favor of PCI Receiver in the amount of $2,630,480. Punitive damages of $5,000 and $10,000 were awarded to Mark Burnett and Curtlan McNeily, respectively—also against David Forward.

Three days after the jury's monetary awards were reduced to separate judgments, plaintiffs filed a motion for an accounting and declaratory judgment. In regard to their request for declaratory judgment, the motion read:

Plaintiffs have moved the court for ... a judgment declaring that:

1. The books and records of [BIN] reflect that Curtlan R. McNeily is the rightful owner of 44 percent, and Mark C. Burnett is the rightful owner of 5 percent of the stock of [BIN] and that certificates of stock be issued to reflect the ownership percentages;

2. The June 20, 1997 transfer of at least 49 percent of [BIN] stock to Catalyst Equity Corporation of New Mexico is null and void;

3. Since December 4, 1989, two lawful members of the [BIN] Board of Directors are and have been Mark Burnett and Brian Boland.

4. Curtlan R. McNeily and Mark C. Burnett are entitled to elect two of the Directors to [BIN].

5. David R. Forward, because of his malicious tortious conduct, is forever barred from acting as an officer, director or employee of [BIN][o]r benefitting in any manner from the judgment in favor of [BIN].

*Declaratory Judgment by the Court is necessary to effect complete and equitable implementation of the jury verdict* and to prevent defendant David R. Forward from profiting from his own wrongdoing.

\* \* \*

For the reasons set forth above, the Court should enter a judgment declaring the rights of the plaintiffs under the Agreement to Associate in the form attached.

On the same day that the motion for an accounting and a declaratory judgment was filed, January 22, 1999, David Forward filed a motion for judgment notwithstanding the verdict (JNOV), for a new trial, or (alternatively) for a "Revision of the Verdict." A hearing on Forward's post-trial motions was held on January 26, 1999. At the beginning of that hearing, counsel for plaintiffs reminded Judge Perry that plaintiffs' motion for a declaratory judgment and an accounting was pending. Nevertheless, in the lengthy hearing that followed, neither the declaratory judgment motion nor the motion for an accounting was again mentioned. No one reminded Judge Perry that three counts of the first amended complaint had asked for a declaratory judgment in favor of certain of the plaintiffs.

Judge Perry's written order disposing of Forward's post-trial motions was filed on February 3, 1999. The order, in part, read:

This court had an opportunity to view the reactions of the jurors and to read their facial expressions, reactions and mannerisms during the course of this trial. Their ill-will toward the defendant, Forward, was apparent. It was more than obvious to this court that the verdicts they returned were the product of bias and in total disregard of the evidence and the court's instructions. Even if the verdicts were legally proper, justice alone *would require that a new trial be granted.*

All matters reserved for ruling at the end of the evidence in this trial are granted in favor of the defendants for the reasons raised by the defendants during the trial and as set forth in this opinion.

Accordingly, the Clerk of the court will enter a docket entry that the motion notwithstanding the verdict is granted, and that any and all verdicts are stricken and reduced to zero.

The jury found for the defendant [David Forward] in that he did not expend BIN resources for personal gain and that he did not unlawfully and intentionally and wrongfully destroy BIN business opportunities, causing BIN to lose

revenues. The jury also found for the defendant, Mary Ann Forward. On the issue of damages for breach of contract, the jury awarded no damages to PCI/McNeily. Those verdicts are in accord with the evidence and instructions, and will not be disputed. The jury found that Forward was a 51% shareholder of BIN, Burnett a 5% shareholder, and McNeily a 44% shareholder. While leaving the parties in a doomed marriage the finding is at least based upon evidence and will not be set aside.

The Clerk of the Court will enter a docket entry setting forth the preceding paragraph.

(Emphasis added.)

On February 16, 1999, plaintiffs filed a motion for reconsideration of, or to alter or amend, the order entered on February 3, 1999.

Two days later, plaintiffs filed a line with the court pointing out that their motion for accounting and declaratory judgment was still pending.

On March 4, 1999, a hearing was held on "pending motions." All motions were taken under advisement. Judge Perry filed, on March 16, 1999, an "Amended Order Granting Partial Judgment Notwithstanding [the] Verdict." The text of the order filed March 16, 1999, is the same as the order filed February 3, 1999, except: (1) the insertion, at page 3 of the amended order, of the word, "conclusion"; [3] (2) deletion of the

---

3. The amended order filed March 16, 1999, reads:
 CONCLUSION:
 This court had an opportunity to view the reactions of the jurors and to read their facial expressions, reactions and mannerisms during the course of this trial. Their ill will toward the defendant, Forward, was apparent. It was more than obvious to this court that the verdicts they returned were the product of bias and in total disregard of the evidence and the court's instruction.
 All matters reserved for ruling at the end of the evidence in this trial are granted in favor of the defendants for the reasons raised by the defendants on the record during the trial and as set forth in this opinion.
 Accordingly, the Clerk of the Court will enter docket entries as follows:

sentence, "Even if the verdicts were legally proper, justice alone would require that a new trial be granted"; (3) addition of a sentence reading, "The Motion for New Trial is denied"; (4) deletion of the sentence, "Accordingly, the [c]lerk of the court will enter a docket entry that the motion notwithstanding the verdict is granted, and that any and all verdicts are stricken and reduced to zero" and replacing that sentence with one reading: "Accordingly, the [c]lerk of the court will enter docket entries as follows: All rulings on motions to dismiss for the defendants which were reserved during the trial are granted in favor of the defendants"; (5) deletion of the clause "[w]hile leaving the parties in a doomed marriage."

Judge Perry's amended order did not mention plaintiffs' prayer for declaratory judgment set forth in their amended complaint, nor the motion for declaratory judgment and an accounting. Nevertheless, an appeal to this Court was filed by the plaintiffs. Thereafter, Mr. Forward filed a cross-appeal in which he contended that the jury's finding that David Forward, McNeily, and Burnett owned, respectively, 51 percent, 44 percent, and 5 percent of BIN should be reversed as a matter of law.

When the case was before a panel of this Court on appeal, none of the parties pointed out the fact that there were still unresolved matters pending in the trial court.[4] Moreover,

---

All rulings on motions to dismiss raised by the defendants which were reserved during the trial are granted in favor of the defendants. The jury found for the defendant in that he did not expend BIN resources for personal gain and that he did not unlawfully and intentionally and wrongfully destroy BIN business opportunities, causing BIN to lose revenues. The jury also found for the defendant, Mary Ann Forward. On the issue of damages for breach of contract, the jury awarded no damages to PCI/McNeily. Those verdicts are in accord with the evidence and instructions, and will not be disturbed. The jury found that Forward was a 51% shareholder of BIN, Burnett a 5% shareholder, and McNeily a 44% shareholder. Those verdicts were based upon evidence and in accordance with the court's instructions, and will not be set aside.
The Motion for New Trial is denied.

4. Whether a party may appeal a judgment depends upon whether that judgment is "final" unless the right to an interlocutory appeal is

the panel did not discover the problem on its own. On September 20, 2000, this Court filed an unreported opinion in which it affirmed the judgment of the circuit court in all respects.

## B. *The First Montgomery Court Case*

On March 24, 1999—which was slightly more than one week after Judge Perry filed her amended order granting a partial motion for JNOV, Curtlan R. McNeily and Mark D. Burnett filed a complaint for declaratory judgment in the Circuit Court for Montgomery County against David Forward. Attached to the complaint was the portion of the verdict sheet in the Prince George's County action that reflected the jury's finding that Burnett and McNeily owned 49 percent of BIN and Forward owned the remainder.

The Montgomery County complaint alleged that votes were cast for the BIN board of directors at a meeting of BIN stockholders held on February 18, 1999. According to the complaint, David Forward voted his shares for himself, Joanna Pineda, and Cynthia Hayes; Burnett and McNeily voted for themselves and Forward for the board; Forward then declared that his slate—himself, Pineda, and Hayes—had won. Messrs. Burnett and McNeily alleged that Forward's failure to vote for them violated a November 30, 1989, voting trust agreement that incorporated an agreement to associate— which the parties had previously executed. Plaintiffs asked for the following declaratory relief:

---

otherwise allowed by statute. *See* Md.Code Ann., Cts. & Jud. Proc. § 12–301.

> If a ruling of the court is to constitute a final judgment, it must have at least three attributes: (1) it must be intended by the court as an unqualified, final disposition of the matter in controversy, (2) unless the court properly acts pursuant to Md. Rule 2–602(b), it must adjudicate or complete the adjudication of all claims against all parties, and (3) the clerk must make a proper record of it in accordance with Md. Rule 2–601.

*Board of Liquor License Comm'rs v. Fells Point Café*, 344 Md. 120, 129, 685 A.2d 772 (1996) (quoting *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41, 566 A.2d 767 (1989)).

 A. A declaration ... that Curtlan R. McNeily owns forty-four percent of Business Information Network, Inc.;

 B. A declaration ... that Mark D. Burnett owns five percent of Business Information Network, Inc.;

 C. A declaration ... that Mark D. Burnett and Curtlan R. McNeily are directors of [BIN] and have been such since at least February 18, 1999 as a result of the voting trust agreement contained in the Agreement to Associates; ....

On September 16, 1999, the circuit court granted the defendants partial summary judgment as to the portion of plaintiffs' complaint requesting the court to declare that Burnett and McNeily "are and have been" directors of BIN since February 18, 1999. The ground for the court's ruling was that the claim was barred by the statute of limitations.

Plaintiffs filed a first amended complaint for declaratory (and other) relief on January 25, 2001. The first amended complaint deleted plaintiffs' request for a declaratory judgment as to their ownership of 49 percent of BIN's stock but reiterated their request for a declaratory judgment that they had the right to elect two of BIN's directors. Among other things, the amended complaint also added Catalyst Equity Corporation as an additional defendant and asserted that in June 1997 Forward "purported to transfer" 100 percent of the outstanding shares in BIN to Catalyst Equity. The first amended complaint also alleged that plaintiffs had theretofore been adjudged (in the Prince George's County litigation) to be 49 percent stockholders of BIN. Count II alleged breach of fiduciary duty (by Forward) to the plaintiffs; Count III requested BIN's dissolution; Count IV prayed for an accounting from Forward of BIN's assets; Count V asked that a constructive trust be placed upon BIN's assets; Count VI alleged a conspiracy to divert BIN's assets; and Count VII requested that Forward disgorge monies he received from BIN as a result of unauthorized expenditures.

Plaintiffs filed a second amended complaint on February 26, 2001, naming David Forward as a defendant individually and

doing business as NetStrategies2000 and NewHomesAmerica.com.

Defendants filed a motion to dismiss the first and second amended complaints. The motion was denied on May 2, 2001. Thereafter, the defendants filed an answer to the second amended complaint, in which they raised various defenses, including *res judicata* and the statute of limitations.

On July 27, 2001, plaintiffs filed a motion for ancillary relief in aid of enforcement of Judge Perry's March 1999 order. That motion, as previously stated, was granted on November 16, 2001. The major terms of that ancillary order are set forth *supra* at Page 1.

### C. *The Second Montgomery County Case*

On July 25, 2001, the same plaintiffs who filed the first Montgomery County case, filed Case No. 223416. That case was opened for the purpose of filing the docket entries from the Prince George's case. On November 16, 2001—the same date as the Montgomery County interlocutory order was filed—a Montgomery County circuit court judge signed an order consolidating the two Montgomery County cases. David Forward and Catalyst Equity filed an appeal in the consolidated case from the interlocutory order dated November 16, 2001.

### II.

Mr. Forward and Catalyst Equity contend in this appeal that the Montgomery County court erred in granting the motion for ancillary relief in aid of enforcement of the Prince George's County judgment because "no declaratory judgment was entered in the Prince George's County case and therefore there was no judgment to enforce."[5] Although we

---

**5.** Appellants word their argument as follows:

Plaintiffs' Second Amended Complaint [filed in Montgomery County] is predicated on one central allegation, *viz*, that the March 11, 1999[,] order entered in the Prince George's County case [on March 16, 1999] was a declaratory judgment that plaintiffs own 49% of BIN's stock.

agree with the core of appellants' argument, we do not agree with some of the appellants' reasons that they contend support their arguments. Those arguments deserve comment, however, because, upon remand, they are likely to resurface.

Appellants argue that the Prince George's County jury's answer to the question relating to stock ownership in BIN was not a final judgment because the requirements of Maryland Rule 2–601(a) were not met. That rule provides:

> **Prompt entry—Separate document.** *Each judgment shall be set forth on a separate document.* Upon a verdict of a jury or a decision by the court allowing recovery only of costs or a specified amount of money or denying all relief, the clerk shall forthwith prepare, sign, and enter the judgment, unless the court orders otherwise. *Upon a verdict of a jury or a decision by the court granting other relief, the court shall promptly review the form of the judgment presented and, if approved, sign it, and the clerk shall forthwith enter the judgment as approved and signed. A judgment is effective only when so set forth and when entered as provided in section (b) of this Rule.* Unless the court orders otherwise, entry of the judgment shall not be delayed pending determination of the amount of costs.

(Emphasis supplied by appellants.)

The requirements for a separate document set forth in 2–601(a) can be waived under certain circumstances by failure to object on appeal. *See Suburban Hospital v. Kirson,* 362 Md. 140, 156, 763 A.2d 185 (2000). In the first appeal concerning the Prince George's County judgment, neither party complained that the separate document rule had not been met. But, as the Court of Appeals made clear in *Kirson,* 362 Md. at 156, 763 A.2d 185, and later in *Taha v. Southern Management Corp.,* 367 Md. 564, 569, 790 A.2d 11 (2002), for preservation purposes the waiver doctrine only applies "where

---

Absent that factual predicate, plaintiffs have no standing to bring this action. The March 11, 1999[,] order was not a declaratory judgment, and hence the circuit court erred in granting plaintiffs' motion for ancillary relief in aid of enforcement of judgment.

final judgment was entered on the docket." *Taha*, 367 Md. at 569, 790 A.2d 11. Here, a final judgment was not entered on the docket at any time prior to appeal of Judge Perry's March 1999 order because, as discussed more fully *infra*, all claims against all parties were not resolved by that order and the Prince George's docket entries accurately reflected what issues were resolved. Thus, appellants are correct when they argue that the March 1999 order was not final for failure to comply with Rule 2–601(a).

Later in their brief, appellants argue:

> Plaintiffs are barred from litigating again in this case their claim to ownership of 49% of BIN's stock. Their failure to obtain a declaratory judgment on the jury's verdict no. 1 in the Prince George's County case, or to preserve the issue of their entitlement to such a judgment on appeal, rendered the special verdict moot. "[A]ll issues, whether submitted to the jury or not are subsumed in the judgment *nisi* [the March 11, 1999[,] order] after the special verdict." *Food Fair Stores v. Lascola*, 31 Md.App. 153, 166, 355 A.2d 757 (1976). The March 11, 1999[,] order served to terminate the Prince George's County case and constitutes the final judgment in that case, even though it did not resolve plaintiffs' request for declaratory judgment. *See Montgomery County v. Revere Nat'l Corp.*, 341 Md. 366, 671 A.2d 1 (1996).

We disagree with appellants' assertion that the jury's finding as to the identity and percentage ownership in BIN was somehow nullified (or rendered "moot") by Judge Perry's order. The Maryland Rules were revised effective July 1, 1984, and since that date, "judgment[s] *nisi* " no longer exist. Thus, the language quoted in *Food Fair Stores v. Lascola*, 31 Md.App. 153, 166, 355 A.2d 757 (1976), is not controlling. Moreover, no language in *Montgomery County v. Revere Nat'l Corp.*, 341 Md. 366, 671 A.2d 1 (1996), is even remotely relevant to the issue here to be decided.

Aside from what we have already said in regard to Rule 2–601(a), the issue of finality of judgment is controlled by Maryland Rule 2–602, which reads:

**Judgments not disposing of entire action.**

(a) **Generally.** Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

(1) *is not a final judgment;*

(2) does not terminate the action as to any of the claims or any of the parties; and

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

(b) **When allowed.** If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

(1) as to one or more but fewer than all of the claims or parties; or

(2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only.

(Emphasis added.)

As mentioned earlier, in their Prince George's County complaint, the plaintiffs asked in three separate counts (Count I, II, and III) for a declaratory judgment as to the names of BIN's stockholders and the percent of their interest in BIN. That request was made in the last complaint filed by plaintiffs prior to the jury verdict. Despite asking for a declaratory judgment, none was entered in the Prince George's County case prior to November 16, 2001—the date the Montgomery court granted ancillary relief to enforce the Prince George's County order filed in March 1999.

What Judge Perry should have done, once the jury resolved the factual issue as to the identity of BIN's current stockholders and the percentage of their stock ownership in BIN, was to formally declare the respective ownership interest of David Forward, Mark Burnett, and Curtlan McNeily. As the Court said in *Maryland Ass'n of HMO's v. Cost Review Comm'n*, 356 Md. 581, 603, 741 A.2d 483 (1999) (quoting *Harford Mutual v. Woodfin*, 344 Md. 399, 414–15, 687 A.2d 652 (1997)):

> "This Court has reiterated time after time that, when a declaratory judgment action is brought, and the controversy is appropriate for resolution by declaratory judgment, 'the trial court *must render a declaratory judgment.*' *Christ v. Department*, 335 Md. 427, 435, 644 A.2d 34, 38 (1994). '[W]here a party requests a declaratory judgment, it is error for the trial court to dispose of the case simply with oral rulings and a grant of . . . judgment in favor of the prevailing party.' *Ashton v. Brown*, 339 Md. 70, 87, 660 A.2d 447, 455 (1995), and cases there cited.
>
> "The fact that the side which requested the declaratory judgment did not prevail in the circuit court does not render a written declaration of the parties' rights unnecessary. As this court stated many years ago, 'whether a declaratory judgment action is decided for or against the plaintiff, *there should be a declaration in the judgment or decree defining the rights of the parties under the issues made.*' *Case v. Comptroller*, 219 Md. 282, 288, 149 A.2d 6, 9 (1959) . . . . "

(Emphasis added.)

Here, there was never even an oral declaration by Judge Perry of the respective ownership rights of the parties in BIN. The request for declaratory judgment was simply ignored. Thus, there was no final judgment entered in the Prince George's County action. *See* Md. Rule 2–602.

The Montgomery County court had no authority to grant ancillary relief based on a non-final order entered in another county. Accordingly, the interlocutory judgment filed by the

Circuit Court for Montgomery County on November 16, 2001, shall be reversed.

The appellees made the following argument:

The predicate of Forward's appeal derives from a technical argument that Judge Perry's March [16], 1999[,] Order was not properly entered as a final judgment in strict conformity with Maryland Rule 2–601(a). App. Br. at 8. Whatever the merits of Forward's argument, the issue has been rendered moot by Judge Lamasney's April 4, 2002[,] Order, *Nunc Pro Tunc,* [correcting] the docket entry of Judge Perry's March [16], 1999[,] Order, thereby bringing it into conformity in all respects with Maryland Rule 2–601(a). A copy of Judge Lamasney's Final Judgment is attached as Exhibit 5.

The *"Nunc Pro Tunc "* order referred to by appellees is not among the papers filed in the record sent to us by the Montgomery County clerk's office, and ordinarily documents not filed cannot be considered by us. *See Allstate Ins. Co. v. Angeletti,* 71 Md.App. 210, 213 n. 2, 524 A.2d 798 (1987).

Appellees, recognizing that Judge Lamasney's order is not in the record, ask us to take judicial notice of it. In *Fletcher v. Flournoy,* 198 Md. 53, 60, 81 A.2d 232 (1951) (quoting *Morse v. Lewis,* 54 F.2d 1027, 1029 (4th Cir.1932)), the Court held that "a court will not travel outside the record of the case before it in order to take judicial notice of the proceedings in another case even between the same parties, and in the same court, unless the proceedings are put into evidence . . . ." An exception to this rule exists, however, when failing to judicially notice a fact would offend "the ends of justice." *James v. State,* 31 Md.App. 666, 685, 358 A.2d 595 (1976). We shall assume, although the issue is not free from doubt, that we are empowered to judicially notice Judge Lamasney's *"Nunc Pro Tunc "* orders.

Judge Lamasney entered two orders dated April 4, 2002. One order reads:

1. Plaintiffs' Motion for Entry of Final Judgment *Nunc Pro Tunc* is granted.

2. The Court will enter the Final Judgment herein.

3. The Clerk shall enter the Final Judgment on the docket forthwith.

The second order states:

Upon consideration of the reasons set forth in the Plaintiffs' Motion for Entry of Final Judgment *Nunc Pro Tunc*, and for good cause shown, as set forth fully in the Amended Order Granting Partial Judgment Notwithstanding the Verdict, Denying Motion for New Trial, and Granting Defendants' Trial Motions, entered on March 16, 1999, the Court finds as follows:

1. All matters reserved for ruling at the end of the evidence in this trial are granted in favor of the defendants for the reasons raised by the defendants on the record during the trial and as set forth in the Court's Amended Order entered on March 16, 1999.

2. All rulings on motions to dismiss raised by the defendants which were reserved during the trial are granted in favor of the defendants.

3. The jury found for the defendant in that he did not expend BIN resources for personal gain and that he did not unlawfully and intentionally and wrongfully destroy BIN business opportunities, causing BIN to lose revenues. The jury also found for the defendant, Mary Ann Forward. On the issues of damages for breach of contract, the jury awarded no damages to PCI/McNeily. Those verdicts are in accord with the evidence and instructions, and will not be disturbed. The jury found that Forward was a 51% shareholder of BIN, Burnett a 5% shareholder, and McNeily a 44% shareholder. Those verdicts were based upon evidence and in accordance with the court's instructions, and will not be set aside.

4. The Motion for New Trial is denied.

Whereupon, it is hereby,

**ORDERED AND ADJUDGED THIS** *4* **DAY OF** *April,* **2002,** that:

1. All matters reserved for ruling at the end of the evidence in this trial are granted in favor of the defendants for the reasons raised by the defendants on the record during the trial and as set forth in the Court's Amended Order entered on March 16, 1999.

2. All rulings on motions to dismiss raised by the defendants which were reserved during the trial are granted in favor of the defendants.

3. Forward is hereby adjudged to be a 51% shareholder of BIN, Burnett a 5% shareholder, and McNeily a 44% shareholder.

4. The Motion for New Trial is denied.

As can be seen, the second order *did* declare the rights of the parties and appears to otherwise comply with the requirements of Rule 2–602. Neither of Judge Lamasney's orders, however, renders moot the issue of whether the November 16, 2001, ancillary judgment entered in Montgomery County should be reversed. First, an order of court should be given retrospective effect (*i.e.,* applied *Nunc Pro Tunc*) only if the order is entered to correct a clerical mistake in a prior order. *See 91st Street Joint Venture v. Goldstein,* 114 Md. App. 561, 582, 691 A.2d 272 (1997). Judge Lamasney's order did more than merely correct clerical error(s). The order, *inter alia,* declared the rights of the parties—which Judge Perry had neglected to do. Thus, despite the *"Nunc Pro Tunc"* language, the orders should be given only prospective effect and can have no bearing on the validity of the November 16, 2001, order.[6] Second, even if it were appropriate to

---

6. In *91st Street Joint Venture,* we said:

Finally, appellants argue that the court erred in vacating the charging order *nunc pro tunc* because that phrase is properly used only to correct clerical errors and not to correct judicial error. We agree. As we stated in *Prince George's Co. v. Commonwealth Land Title,* 47 Md.App. 380, 386, 423 A.2d 270 (1980), the phrase *nunc pro tunc*

give retroactive effect to Judge Lamasney's order, appellants have never filed that order in Montgomery County. *See* Md. Rule 2–623.[7] The Circuit Court for Montgomery County would have had no power to enforce either of Judge Lamasney's *"nunc pro tunc"* orders until such time as they were filed in accordance with Rule 2–623.

 Appellees also argue:

Forward attempts to make much of the failure of the Prince George's County Circuit Court *to rule on a motion for declaratory judgment* [8] filed by the plaintiffs at the conclusion of the trial. App. Br. at 10. *To the extent that the motion sought reaffirmation of the special jury verdict,* it was already moot at the time of filing since the rights of the parties had already been determined and adjudicated. *See, e.g., Popham v. State Farm,* 333 Md. 136, 140–41 n. 2, 634 A.2d 28 (1993) (declaratory judgment ordinarily is not available when the issue has become moot); *Turnpike Farm v. Curran,* 316 Md. 47, 49, 557 A.2d 225 (1989) (declaratory

---

signifies a thing that is done now which has the legal force and effect as if done at the time it ought to have been done. As we further stated in that case, it is properly used only to correct clerical errors. In this case, the entry of the charging order was not merely a clerical error and could not be vacated *nunc pro tunc.* Accordingly, we will modify the judgment to strike the phrase *nunc pro tunc.*
114 Md.App. at 582.

**7.** Rule 2–623 reads, in pertinent part:
**Recording of judgment of another court and District Court notice of lien.**
(a) **Judgment of another court.** Upon receiving a copy of a judgment of another court, certified or authenticated in accordance with these rules or statutes of this State, or of the United States, the clerk shall record and index the judgment if it was entered by (a) the Court of Appeals, (b) the Court of Special Appeals, (c) another circuit court of this State, (d) a court of the United States, or (e) any other court whose judgments are entitled to full faith and credit in this State. Upon recording a judgment received from a person other than the clerk of entry, the receiving clerk shall notify the clerk of the court of entry.

**8.** Appellees' argument overlooks the fact that *the complaint* that framed one of the issues presented to the jury included a request for declaratory judgment as to who owned the BIN stock and the percentage interest of each owner. Whether the motions were "moot" is not dispositive.

judgment is not available and should be dismissed, where there is a pending action between the parties presenting the same issue).

(Emphasis added.)

The *Popham* and the *Curran* cases cited by appellees are inapposite. Both cases deal with the propriety of granting a motion to dismiss a request for declaratory relief. Here, no motion to dismiss was filed. In any event, at the time Judge Perry's March 1999 order was filed, the request in the complaint for declaratory relief was not moot. The jury, by its answers to questions on the special verdict sheet, simply resolved the factual issue presented by the prayer for declaratory judgment. It remained for the court to declare, in writing, the rights of the parties based upon the jury's answer.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY DATED NOVEMBER 16, 2001, REVERSED;**

**COSTS TO BE PAID BY APPELLEES.**