**ST. CLAIR BUILDERS, INC., Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Appellee.**

[Cite as *St. Clair Builders, Inc. v. Aetna Cas.
& Sur. Co.* (1992), 81 Ohio App.3d 675.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60894.

Decided July 6, 1992.

■■■■■■■■■

*Gus Frangos,* for appellant.

*Nicola, Gudbranson & Cooper* and *Matthew T. Fitzsimmons,* for appellee.

SPELLACY, Judge.

Plaintiff-appellant St. Clair Builders, Inc. appeals from the trial court's order granting summary judgment in favor of defendant-appellee Aetna Casualty and Surety Co. The facts giving rise to the instant appeal are as follows:

In 1984, appellant was awarded a construction contract in which it agreed to make alterations and additions to a building for Cleveland Neighborhood Health Services, Inc. Appellant performed work on the project, but in August, 1985, Cleveland Neighborhood Health Services, Inc. refused to make a payment for certain work completed. Appellant was subsequently fired in September, 1985.

On November 19, 1985, appellant filed a complaint in case No. 100994 against Cleveland Neighbor Health Services, Inc. Appellant alleged breach of contract, breach of warranty, and also a claim for out-of-pocket expenses and lost revenue. After a bench trial, the trial court entered judgment in favor of appellant in the amount of $107,881.15. Cleveland Neighborhood Health Services, Inc. appealed the judgment to this court.

On June 9, 1988, Cleveland Neighborhood Health Services Inc. obtained a supersedeas bond from appellee, and it also obtained a stay of execution on the judgment pending the appeal. On October 2, 1989, this court affirmed the trial court's judgment in favor of appellant in *Cleveland Neighborhood Health Serv., Inc. v. St. Clair Builders, Inc.* (1989), 64 Ohio App.3d 639, 582 N.E.2d 640.

Cleveland Neighborhood Health Services, Inc. then filed in this court a motion to continue the trial court's supersedeas bond and the stay of execution, pending its appeal to the Ohio Supreme Court. On October 23, 1989, this court denied appellant's motion.

Also, on October 23, 1989, appellant's counsel sent a letter to appellee informing it that Cleveland Neighborhood Health Services, Inc. had failed to pay the full amount of the judgment. Appellant's counsel then stated that the letter served as notice and demand to appellee to make payment on the judgment in its capacity as surety.

On October 25, 1989, appellant's counsel sent another letter to appellee. Appellant's counsel claimed that since there was no stay in effect, appellee's liability on the supersedeas bond was absolute. Thus, appellant's counsel demanded payment on the supersedeas bond despite Cleveland Neighborhood Health Services, Inc.'s intention to appeal to the Ohio Supreme Court. Appellant's counsel also indicated in his letter that he had telephone conversations with appellee's representatives regarding payment on the supersedeas bond.

On October 26, 1988, appellant filed, in case No. 100994, a motion to join appellee as a party and requested judgment against appellee on the supersedeas bond. There is nothing in the record indicating that the trial court granted appellant's motion.

On October 31, 1989, the Ohio Supreme Court granted Cleveland Neighborhood Health Services, Inc.'s motion to stay execution of this court's affirmance. The Ohio Supreme Court also continued the supersedeas bond pending final disposition of the appeal to the Ohio Supreme Court. 46 Ohio St.3d 709, 546 N.E.2d 944. Appellant immediately ceased its attempt to execute on the judgment.

During the pendency of the Ohio Supreme Court proceedings, appellant and Cleveland Neighborhood Health Services, Inc. entered into a mutual settlement and release agreement in February, 1990. As a result, on March 29, 1990, the Ohio Supreme Court dismissed the appeal of Cleveland Neighborhood Health Services, Inc., 50 Ohio St.3d 705, 553 N.E.2d 692.

On June 13, 1990, appellant filed a complaint in case No. 191632 against appellee. Appellant alleged that appellee breached its supersedeas bond commitment after this court affirmed the trial court's judgment. Appellant claimed that appellee's commitment on the supersedeas bond did not authorize it to refuse payment pending Cleveland Neighborhood Health Services, Inc.'s decision to appeal to the Ohio Supreme Court. Appellant alleged that appellee's conduct was fraudulent, willful, wanton, arbitrary and done in bad faith.

On July 18, 1990, appellee filed its answer and counterclaim. Appellee basically denied the allegations set forth in appellant's complaint. In its counterclaim, appellee alleged a breach of contract and requested the trial court to order specific performance on part of appellant concerning the mutual settlement and release agreement. Appellee also sought an award of sanctions pursuant to Civ.R. 11.[1]

---

1. We find that the claims raised in appellee's counterclaim were rendered moot after the trial court entered summary judgment in its favor. Therefore, this court has jurisdiction to entertain appellant's appeal. See *Ford Motor Credit Co. v. Landmark Air Fund* (1983), 12 Ohio App.3d 117, 12 OBR 436, 467 N.E.2d 573.

On August 29, 1990, appellee filed a motion for summary judgment. Appellee initially argued that appellant lacked the capacity to sue, since its corporate charter had been revoked on December 30, 1988 for failing to pay Ohio franchise taxes. Appellee further argued that appellant's claims were barred by the language of the mutual settlement and release agreement. Finally, appellee asserted that it had no obligation to pay funds since appellant failed to complete the statutory process for obtaining a judgment against a surety.

On September 14, 1990, appellant filed a brief in opposition to appellee's motion for summary judgment. Appellant argued that the discharge of Cleveland Neighborhood Health Services, Inc. did not discharge appellee for its acts of bad faith. Appellant also argued that although its corporate charter had been revoked, it was entitled to pursue the instant lawsuit as a means of winding up the corporate affairs. Finally, appellant contended that appellee's obligation on the supersedeas bond became absolute when this court affirmed the trial court's judgment.

On October 26, 1990, the trial court granted appellee's motion for summary judgment.[2]

Appellant filed a timely notice of appeal and subsequently raised the following assignment of error:

"*Law and Argument:* The complaint stated a cognizable legal claim under Ohio case law and the trial court erred by granting summary judgment for defendant-appellee.

"A. The discharge of a surety's principal discharged the surety, but only for the underlying bond obligation; the surety is not discharged from liability for its independent tortious acts of bad faith.

"B. Whether the release of a surety's principal is intended to discharge the surety for its independent tortious acts of bad faith presents an issue of fact under Civil Rule 56. The trial court therefore erred in granting summary judgment in favor of defendant-appellee Aetna.

"C. When a court of appeals affirms a trial court judgment, the liability of a surety on a supersedeas bond is absolute and immediate, and therefore a fact question existed as to whether defendant-appellee Aetna's refusal to pay under its supersedeas bond commitment constituted actional [*sic*] bad faith.

---

2. The trial court also indicated that summary judgment was granted in favor of Cleveland Neighborhood Health Services, Inc. However, Cleveland Neighborhood Health Services, Inc. was never joined as a party in this case.

"D. R.C. Sec. 1701.88(A) and (B) afford corporations the right to pursue claims after their charters are cancelled and therefore the court erred in granting summary judgment in favor of defendant-appellee Aetna.

"E. The trial court erred when it granted summary judgment in favor of defendant-appellee Aetna under the standards of Civil Rule 56."

Appellant generally argues that the trial court erred in granting summary judgment in favor of appellee.

Civ.R. 56(C) provides, in pertinent part:

"A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

Further, a reviewing court, upon an appeal from a summary judgment, should look at the record in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924.

Appellant contends that the trial court erred in granting appellee's motion for summary judgment for several reasons. However, we will address only the issue of appellant's capacity to sue.

Appellant lost its corporate charter on December 30, 1988 for failing to pay Ohio franchise taxes. R.C. 5733.20 provides in relevant part:

"If a corporation, wherever organized, required by law to file any report or return or to pay any tax or fee as a corporation organized under the laws of the state for profit, or as a foreign corporation for profit doing business in this state or owning or issuing a part or all of its capital or property in this state, fails or neglects to make such report or return or to pay any such tax or fee for ninety days after the time prescribed by law for making such report or return or paying such tax or fee, the tax commissioner shall certify such fact to the secretary of state. The secretary of state shall thereupon cancel the articles of incorporation of any such corporation which is organized under the laws of this state, by appropriate entry, upon the margin of the record thereof, or cancel by proper entry the certificate of authority of any such

foreign corporation to do business in this state. Thereupon all the powers, privileges, and franchises conferred upon such corporation by such articles of incorporation or by such certificate of authority shall cease, subject to section 1701.88 of the Revised Code."

R.C. 1701.88 reads in pertinent part:

"(A) When a corporation is dissolved voluntarily, when the articles of a corporation have been canceled, or when the period of existence of the corporation specified in its articles has expired, the corporation shall cease to carry on business and shall do only such acts as are required to wind up its affairs, but for such purpose it shall continue as a corporation.

"(B) Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment, with right of appeal as in other cases, but any proceeding, execution, or process, or the satisfaction or performance of any order, judgment, or decree, may be stayed as provided in section 1701.89 of the Revised Code."

 Thus, in the instant case, appellant could have been permitted to bring this action only if it had been undertaken for the sole purpose of winding up its business. *Mack Constr. Dev. Corp. v. Austin Smith Constr. Co.* (1989), 65 Ohio App.3d 402, 583 N.E.2d 1384.

 Based upon an examination of the record herein, we find that such was not the case. Appellant's articles of incorporation were cancelled on December 30, 1988. The alleged wrongful conduct on the part of appellee occurred in October 1989. Appellant filed its complaint on June 13, 1990. We cannot conclude that appellant's suit was undertaken for the sole purpose of winding up its business. Cf. *Mack, supra;* see, also *Jasin v. Wolfgang Doerschlag Architects* (Dec. 14, 1984), Lucas App. No. L–84–185, unreported, 1984 WL 3691.

For the foregoing reasons, we find that appellee was entitled to judgment as a matter of law. Accordingly, we conclude that the trial court did not err in granting appellee's motion for summary judgment.

Appellant's assignment of error is without merit and is overruled.

Trial court judgment is affirmed.

*Judgment affirmed.*

FRANCIS E. SWEENEY, P.J., and HARPER, J., concur.

HARPER, Judge, concurring.

I concur with the majority's resolution of this case but wish to comment that assuming, *arguendo*, appellant's capacity to sue was not precluded by the cancellation of its articles of incorporation, the granting of appellee's motion for summary judgment remained proper.

The Mutual Settlement and Release Agreement entered into by Cleveland Neighborhood Health Services, Inc. ("CNHS") and St. Clair Builders, Inc. ("St. Clair") states in pertinent part:

"[I]n consideration of the sum of One Hundred Ten Thousand Nine Hundred Twenty Five and 70/100 Dollars ($110,925.70), * * * [St. Clair] does hereby forever release, acquit, and discharge Cleveland Neighborhood Health Services, Inc., [and] *its agents* * * * from and against *any and all claims, * * * damages, actions, causes of action, * * ** whether *arising out of contract, tort or otherwise,* in law or in equity, which it now has, has had or may hereafter have against Debtor *arising from, connected with, in any way growing out of, resulting from or concerning, directly or indirectly,* a certain lawsuit entitled *'Cleveland Neighborhood Health Services, Inc. v. St. Clair Builders, Inc.' * * * *."* (Emphasis added.)

There is no dispute between the parties that appellee acted as the agent of CNHS when it issued a supersedeas bond for the judgment in favor of St. Clair on the contract claim between St. Clair and CNHS. The release is explicit in stating that it encompassed CNHS's agents. Moreover, the release is explicit in stating that the agent is released from any causes of action in tort, said causes of action resulting, directly or indirectly, from the lawsuit between CNHS and St. Clair. The alleged tortious acts of appellee grew directly from the lawsuit between CNHS and St. Clair; the alleged tortious acts could not have resulted in and of themselves. Therefore, there remain no genuine issues of material fact for litigation as the mutual release agreement barred appellant's claims.