[Cite as *Breen v. Group Mgt. Servs., Inc*, 2022-Ohio-2689.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JAMES P. BREEN, ET AL.,　　　　　　:

　　　Plaintiffs-Appellants,　　　:

　　　　　　　　　　　　　　　　　　　No. 111253
　　　v.　　　　　　　　　　　　　:

GROUP MANAGEMENT　　　　　　:
SERVICES, INC.,

　　　　　　　　　　　　　　　　　:
　　　Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 4, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-953272

---

### *Appearances:*

Hoffman Legal Group, LLC, and W. Andrew Hoffman, III,
*for appellants.*

Ross, Brittain & Schonberg Co., LPA, Nick A. Nykulak and
Sean S. Kelly, *for appellees.*

EILEEN A. GALLAGHER, J.:

{¶ 1} James P. Breen ("Breen") individually and as trustee for Child One 2013 Trust, Child Two 2013 Trust and Child Three 2013 Trust (collectively "Appellants") appeals the judgment of the trial court dismissing their claims for

want of standing.  However, Appellants had no relationship with Group Management Services, Inc., that could support a claim for breach of contract or a claim for breach of fiduciary duty.  The trial court did not err in dismissing the action for want of standing.  We overrule Appellants' assignment of error and affirm the judgment of the trial court.

## I.   Factual and Procedural Background

{¶ 2}   Appellants appeal the trial court's dismissal of the complaint under Civ.R. 12(B)(6).  Accordingly, these facts are taken from the complaint.

{¶ 3}   Manchester Realty was a corporate entity.  The complaint does not allege whether it is a corporation, limited liability company, limited partnership or some other vehicle[1] nor does it allege a state of incorporation.  However, the complaint does allege that its dissolution is publicly available on the Ohio Secretary of State's website.

{¶ 4}   The purpose of this entity was to own and operate the property located at 1360 E. 9th Street Cleveland, Ohio 44113 ("IMG Center").  In connection with managing the IMG Center, Manchester Realty entered into a contract ("Contract") with Group Management Services Inc. ("GMS").  Under this Contract, GMS employed any personnel that Manchester Realty needed and leased those personnel's services back to Manchester Realty.

---

[1] Although the opposition to the motion to dismiss below and the assignment of error on appeal describes it as "Manchester Realty Limited Liability Company."

{¶ 5} 1360 LLC is the successor entity of Manchester Realty. Manchester Realty was dissolved at the end of 2018 as a precondition for taking out a loan on the IMG Center. James P. Breen ("Breen") is the principal of 1360 LLC as well as an owner. Additionally, three trust funds (Child One 2013 Trust, Child Two 2013 Trust and Child Three 2013 Trust) each have an interest in 1360 LLC and Breen is the trustee for each trust. The complaint alleges that the trusts have an ownership interest in 1360 LLC, but does not allege that the trusts have an ownership interest in the Manchester Realty entity. Accordingly, the ownership of Manchester Realty is somewhat unclear.

{¶ 6} In March 2018, the parties substituted 1360 LLC for Manchester Realty in the Contract. Appellants did not attach a copy of the Contract nor a copy of the substitution to the complaint. In October 2019, the Cuyahoga County Court of Common Pleas appointed Paul Downey ("Downey") as receiver over IMG Center. In January 2019, GMS began to use Manchester Realty's employer identification number ("EIN") to report payroll and file payroll taxes.

{¶ 7} Appellants allege that GMS's use of the EIN supports two causes of action: breach of contract and breach of fiduciary duty. GMS moved that the complaint be dismissed for lack of standing because there were no facts alleged in the complaint that would establish that the Appellants had standing to pursue either claim. According to GMS, only Downey, as successor in interest, has the standing to pursue either claim.

{¶ 8} The trial court below dismissed the complaint finding that:

In the instant action, 1360 East Ninth Cle, LLC is currently in active receivership in case CV-19-917685. The receiver is the only person who has standing to bring the suit on behalf of 1360 East Ninth Cle, LLC. Plaintiffs, an individual shareholder of 1360 East Ninth Cle LLC and the trusts of his children, do not have standing to pursue litigation on behalf of a company in active receivership. Plaintiffs' complaint is hereby dismissed for failure to state a claim upon which relief may be granted.

{¶ 9} Appellants appeal and assign the following error for our review:

The trial court erred when it held that the Plaintiffs lacked standing to bring a claim because the Plaintiffs were not bringing suit on behalf of 1360 East Ninth CLE, LLC ("1360 LLC"). Plaintiffs were bringing suit on behalf of themselves and Manchester Realty Limited Liability Company ("Manchester Realty").

## II. Argument and Authorities

{¶ 10} Appellants' complaint alleges two causes of action breach of contract and breach of fiduciary duty. However, the complaint does not allege that Appellants are parties to a contract with GSM. Further, the complaint does not allege any relationship, let alone a fiduciary relationship, between Appellants and GMS. The trial court did not err in dismissing Appellants' complaint for want of standing.

{¶ 11} Appellants' sole assignment of error appeals the trial court's order granting GMS's motion to dismiss under Civ.R. 12(B)(6). We review rulings on Civ.R. 12(B)(6) motions to dismiss under a de novo standard. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. * * * Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." *NorthPoint Props. v. Petticord*, 179 Ohio

App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). "For a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.'" *Graham v. Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 47 (8th Dist.), quoting *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.).

{¶ 12} "It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469, 715 N.E.2d 1062 (1999). "An action brought by a party that lacks standing will be dismissed." *State ex rel. Ohio Stands Up!, Inc. v. DeWine*, Slip Opinion No. 2021-Ohio-4382, ¶ 5. To establish standing, Appellants must show they suffered "(1) an injury that is (2) fairly traceable to the appellees' allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Torrance v. Rom*, 2020-Ohio-3971, 157 N.E.3d 172, ¶ 24 (8th Dist.).

{¶ 13} The complaint includes two alleged causes of action: breach of contract and breach of fiduciary duty.

{¶ 14} "In order to substantiate a breach of contract claim, a party must establish four elements: (1) a binding contract or agreement was formed; [(2)] the nonbreaching party performed its contractual obligations; [(3)] the other party failed to fulfill its contractual obligations without legal excuse; and [(4)] the

nonbreaching party suffered damages as a result of the breach." *Telecom Acquisition Corp. I v. Lucic Ents.*, 2016-Ohio-1466, 62 N.E.3d 1034, ¶ 23 (8th Dist.).

{¶ 15} Where there are no allegations that a plaintiff is a party to a contract or a third party intended beneficiary to a contract, a court does not err in dismissing the complaint. *Skaff v. Khutorsky*, 6th Dist. Lucas No. L-15-1249, 2016-Ohio-4903, ¶ 21. The complaint does not allege anywhere that Breen individually, or as trustee, is an intended third-party beneficiary of the Contract. Nor does the complaint allege that Breen individually, or as a trustee, was intended by GMS to have "the benefit of the promised performance." *Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 2011-Ohio-5083, 957 N.E.2d 3, ¶ 10. "Generally, the parties' intention to benefit a third party will be found in the language of the agreement." *Torrance*, 2020-Ohio-3971, 157 N.E.3d 172, at ¶ 36. The only allegations in the complaint are that the beneficiaries of the Contract were Manchester Realty and 1360 LLC. The only benefits Appellants would receive from the contract with GMS is as members of Manchester Realty or 1360 LLC.

{¶ 16} Accordingly, the complaint fails to allege that Appellants have the standing to maintain a breach of contract cause of action against GMS.

{¶ 17} The complaint's second cause of action is breach of fiduciary duty. The elements of a breach of fiduciary duty are: "(1) the existence of a fiduciary duty; (2) the failure to observe the duty; and (3) an injury resulting proximately therefrom." *DPLJR, Ltd. v. Hanna*, 8th Dist. Cuyahoga No. 90883, 2008-Ohio-

5872, ¶ 19, citing *Strock v. Pressnell*, 38 Ohio St.3d 207, 216, 527 N.E.2d 1235 (1988).

{¶ 18} This court has previously determined that the principal of a firm may not assert, individually, a claim for breach of contract or breach of fiduciary duty against a vendor of that firm based on the relationship of the firm. *Torrance*, 2020-Ohio-3971, 157 N.E.3d 172, at ¶ 15-17 ("Having chosen to do business as a corporation, [Torrance] is bound by that choice. [The corporation] was a party to the property-management agreements, [Torrance] was not."). Appellants cite no case to the contrary.

{¶ 19} Appellants also contend that they brought "suit on behalf of themselves and Manchester Realty Limited Liability Company." However, the complaint does not identify Manchester Realty as a party. Manchester Realty does not appear in the caption as required by Civ.R. 10(A) and the Appellants did not attach the Contract to the complaint as required by Civ.R. 10(D)(1).

{¶ 20} In their brief, Appellants claimed that Manchester Realty "executed an assignment of rights that authorizes Plaintiffs to sue GMS on its behalf[.]"

{¶ 21} Regardless of the subsequent motion practice, "[i]n deciding whether a complaint should be dismissed pursuant to Civ.R. 12(B)(6), the court's review is limited to the four corners of the complaint along with any documents properly attached to or incorporated within the complaint." *Windsor Realty & Mgt., Inc. v. Northeast Ohio Regional Sewer Dist.*, 2016-Ohio-4865, 68 N.E.3d 327, ¶ 23 (8th Dist.).

{¶ 22} The complaint alleges that Manchester Realty was "dissolved at the end of 2018[.]" The dissolution of a limited liability company does not automatically divest it of authority to pursue civil actions: "A limited liability company's dissolution, in itself: * * * (2) Does not prevent the commencement of a proceeding by or against the limited liability company in its limited liability company name[.]" R.C. 1706.471.[2]

{¶ 23} However, the authority of a dissolved LLC to carry on litigation is limited. A dissolved Ohio LLC "may not carry on any activities except as is appropriate to wind up and liquidate its activities and affairs." R.C. 1706.471.[3] At some point, actions subsequent to the dissolution of the company are not within the authority granted by the Ohio Revised Code. *See ACV Realty, Ltd. v. Bayview Loan Servicing, LLC*, 7th Dist. Mahoning No. 15 MA 0059, 2016-Ohio-5467, ¶ 53 (decided under a previous analogous section of the Ohio Revised Code); *St. Clair Builders, Inc. v. Aetna Cas. & Sur. Co.*, 81 Ohio App.3d 675, 680, 611 N.E.2d 1009 (8th Dist.1992) (same but for corporations).[4] Appellants allege misconduct that all

---

[2] The application of this provision relies on the presumption that Manchester Realty is an Ohio limited liability company, a fact not alleged. The complaint alleges that the document on file with the secretary of state is a "dissolution" and not a cancellation of registration, so this seems a reasonable inference. *Compare* R.C. 1706.514 (providing for cancellation of registration of foreign LLC) and R.C. 1706.471(B)(1) (requiring a dissolved Ohio LLC to file a certificate of dissolution).

[3] There is no case law concerning the application of the Revised Ohio Limited Liability Company Act to LLCs that were formed and dissolved under the Ohio Limited Liability Company Act. However, the two acts have similar limits on post-dissolution activity, so we need not decide which applies here.

occurred after the dissolution of Manchester Realty. There are no facts alleged that could support the inference that Appellants' causes of action arise out of the wind-up and dissolution of Manchester Realty.

{¶ 24} The complaint does not allege facts that establish standing on the part of Appellants based on an assignment from Manchester Realty.

{¶ 25} Finally, Appellants argue that they can demonstrate injury traceable to GMS's misconduct because Breen will likely be assessed as "the responsible person under the Employment Taxes and the Trust Fund Recovery Penalty ("TFRP"). 'Under 26 U.S.C. § 6672, the IRS may collect a TFRP against individual officers <u>who are responsible</u> for a corporation's failure to remit trust fund taxes — the tax withholdings from employee paychecks — to the government.'" (Emphasis added.), quoting *In re J.J. Re-Bar Corp., Inc.*, 644 F.3d 952, 954 (9th Cir.2011). The TFRP allows the IRS to recover a penalty "against individual officers who are responsible for a corporation's failure to remit trust fund taxes[.]" *Id*. at 954.

{¶ 26} Liability under TFRP attaches to "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment therof[.]" 26 U.S.C. 6672.

{¶ 27} GMS's alleged misconduct began in January 2019. GMS's misconduct began after Manchester Realty was no longer a party to the contract and after 1360 LLC took over management for the property. Further, the complaint

alleges that the "IMG Center" is in a receivership and the Contract at issue is for the purpose of managing the IMG Center. The complaint alleges facts that establish Downey was the "person required to collect, truthfully account for, and pay over any tax[.]" The complaint does not allege facts that could establish standing for Appellants based on potential liability under the TFRP.

{¶ 28} We overrule Appellants' sole assignment of error and affirm the judgment of the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR